No. 50.—Elizabeth H. Hopkins, for herself, and as guardian of Susan A. Hopkins, plaintiffs in error, *vs.* George Long *et al.* executors of W. T. Hopkins, deceased, defendants.

[1.] According to the provisions of the Act of 1838, the widows and orphans of testators and intestates, are entitled to a reasonable support and maintenance out of their estates, for the space of twelve months immediately after the death of such testator or intestate, whether their estates be solvent or insolvent.

In Equity, in Camden Superior Court. Tried before Judge H. R. Jackson, November Term, 1850.

This cause was brought before this Court upon the following agreed statement of facts:

William T. Hopkins died about the month of March, 1848. He left a widow and one child—the complainants. He also left a will, appointing the defendants in error executors, who shortly thereafter qualified as such. By this will he devised and bequeathed to his wife, the complainant, as follows: " I devise and bequeath the following property, viz: seventeen negroes, with their future issue and increase (naming them;) also my dwelling-house on Cedar Hill plantation, &c. also my carriage and horses; also one sixth part of all my stock of every description; also one sixth part of all my plantation tools and utensils; also one tenth part of all my ready money, and one tenth part of all crops which may be unsold at the time of my death, unto my wife, Elizabeth H. Hopkins, to have and to hold the same during her widowhood" (except the ready money given absolutely.) The legacy was declared to be in lieu of dower, and after death of wife, remainder over to the other complainant, his child; to whom there was also given another legacy of a considerable portion of his estate. A large portion of the estate was given to third persons.

Within a year after the death of the testator, the executors delivered to complainant, Elizabeth H. Hopkins, sixteen of the negroes bequeathed to her, and all the specific legacies and devi-

ses (except the tenth of the crops and ready money, amounting to $2897 93.) In June, 1850, complainant was appointed guardian for Susan Anna Hopkins, the other complainant, and from that time, the executors paid to her, as guardian, divers sums of money bequeathed to her ward. The executors refused to pay the complainants anything for their support and maintenance, during the twelve months succeeding the death of testator, separate and apart from their legacies, which complainants claimed under the Act of 1838 for the relief of widows and orphans.

The complainants filed their bill to recover a reasonable amount for such support and maintenance, which the defendants answered, denying their right, under the Act.

Upon the trial, the presiding Judge charged the Jury, that the Act of 1838 did not refer to solvent estates, where legacies and devises or distributive shares were going to the widow and family of the deceased, and the complainants were consequently not entitled to recover.

This decision is brought before this Court for review.

R. M. CHARLTON, for plaintiffs in error.

LLOYD and OWENS, for defendants.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record in this case is, whether the widow and child of the testator are entitled to a reasonable support and maintenance, for twelve months next ensuing after his death, out of his estate, under the provisions of the Act of 1838. The Court below ruled, that the Act applied to *insolvent* estates only, and not to *solvent* estates. We are of the opinion, from a careful reading of the enacting clause of the Statute, when taken in connexion with the title thereof, that it was the intention of the Legislature to make provision for the support and maintenance of the widow and children of the testator or intestate, for the space of twelve months immediately

Hopkins *vs.* Long and others.

after his death, according to their rank and condition in life, whether the estate be solvent or insolvent.

The Act is entitled "an Act for the relief and support of widows and orphans out of the *estates of their deceased husbands and parents.*"

The Act declares, that "when any person shall die, leaving a widow and children, or a widow or child, it shall and may be lawful for the executor or administrator thereof to allow, out of the effects of such deceased person, a *reasonable* support and maintenance for the space of twelve months next ensuing immediately after the death of such testator or intestate, notwithstanding any debts, dues or obligations of said testator or intestate. *Pamphlet Laws of* 1838, 201.

It will be perceived that the widows and orphans of *solvent* testators or intestates, are embraced in the general words of the Act, as well as the widows and orphans of *insolvent* testators and intestates ; besides it cannot always be ascertained, until at least twelve months after the death of the testator or intestate, whether his estate will be solvent or insolvent, and in that event, the widow and children would be left to the mercy of the executor or administrator, who would be quite as likely to look to his own safety and the interest of the creditors of the estate, as to the immediate wants of the widow and children. The widows and orphans of *solvent* testators and intestates, are not made an exception in the Statute, and we shall not make them so by judicial legislation.

Let the judgment of the Court below be reversed.