DARBY *v.* CITY OF VIDALIA.

No. 7223. JULY 23, 1929.

*I. H. Corbitt,* for plaintiff.

*Saffold, Sharpe & Saffold,* for defendant.

GILBERT, J. This suit was to enjoin the City of Vidalia from collecting from the plaintiff taxes on property in the city, upon the ground that he should be credited with taxes paid on another tract of property lying without the limits of the city (as described in the petition) for a period of eighteen years, aggregating a large sum of money, the amount of which he could not ascertain, for the reason that he did not have access to the books of said city, when those taxes were paid under the belief that said property was within the limits of Vidalia; that upon the survey of said city it was ascertained that said property lay without the limits of said city; and that all said taxes paid by plaintiff were paid by mutual mistake. He prayed for an accounting and settlement. The court sustained a demurrer to the petition, dismissing it; and to this judgment the plaintiff excepted.

1. The facts alleged in the petition show that the taxes sought to be recovered from the municipality were voluntarily paid. A voluntary payment of illegal taxes can not be recovered. Civil Code (1910), § 4317; *First National Bank* v. *Americus,* 68 *Ga.* 119 (45 Am. R. 476) ; *Hoke* v. *Atlanta,* 107 *Ga.* 416, 419 (33 S. E. 412). "It seems . . to be clearly settled that a payment

is not made under compulsion or duress, but will be treated as voluntary, unless the party making payment does so to prevent the immediate seizure of his goods or the arrest of his person. It surely requires no argument to show that a threatened levy upon land is neither the one nor the other. Furthermore, the doctrine appears to be that if the law affords to the person from whom the payment is exacted an immediate and adequate remedy to resist payment, he can not be said to have acted under compulsion, if, neglecting to avail himself of such remedy, he elects to make the payment demanded of him." *Hoke* v. *Atlanta,* supra; *Williams* v. *Stewart,* 115 *Ga.* 864 (42 S. E. 256).

2. Where a municipality levies a tax upon property believed to be included within the corporate limits, and the owner voluntarily pays the same and afterwards discovers that the property was not included within the corporate limits, such taxpayer can not recover the amount of taxes so paid. *Jackson* v. *Atlanta,* 61 *Ga.* 228.

3. "As a matter of public policy founded on the exigencies of government, municipal corporations must have present command of their current revenues. Property holders who have paid, whether voluntarily or by coercion, illegal taxes in former years, have no right to set off (by injunction or otherwise) such payments against executions issued for the taxes of later years." *Wayne* v. *Savannah,* 56 *Ga.* 448; *Mayor &c. of Savannah* v. *Feeley,* 66 *Ga.* 31, 38; *McGehee* v. *Columbus,* 69 *Ga.* 581; *Tarver* v. *Dalton,* 134 *Ga.* 462 (2 *a*) (67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281); *Frey* v. *Marietta,* 150 *Ga.* 205 (103 S. E. 427); *McVey* v. *Williams,* 157 *Ga.* 220, 224 (121 S. E. 641).

*Judgment affirmed. All the Justices concur.*