25543. STATE REVENUE COMMISSION *v.* ALEXANDER.

DECIDED SEPTEMBER 26, 1936.

*M. J. Yeomans, attorney-general, B. D. Murphy, assistant attorney-general,* for plaintiff in error.

*Ralph R. Quillian, Tidwell & Brown,* contra.

JENKINS, P. J. The plaintiff sued the State Revenue Commission for recovery of a payment made to the State tax commissioner on June 13, 1930, under the State income-tax act of August 22, 1929, covering an amount of tax which he had thought to be due on net profits realized from a sale of capital assets before the passage of the act of 1929. The petition is based on the remedy and procedure provided by sections 41, 42, and 43 of the income-tax act of March 31, 1931 (Code, §§ 92-3308 et seq.), under the theory that the act of 1931 repealed sections 6 to 10, inclusive, of the act of 1929, which required a written protest at the time of paying the tax and special claim procedure as a condition of a refund, and that the new act relieved taxpayers not only as to erroneous payments made under the act of 1931, but as to such payments under the act of 1929, of any duty to make written protest or follow the former claim procedure. The commission demurred to the petition, on the grounds that it showed a volun-

tary payment of a tax under the act of 1929, without any protest or claim as required by that act, and that the act of 1931 had no application to such a payment. Under the petition, and as conceded, no protest or attempt to follow the act of 1929 was made in the return or payment of the tax; and under the decision of the Supreme Court in *State Revenue Commission* v. *Lazear*, 179 *Ga.* 167 (175 S. E. 451), the payment was not legally collectible. The question presented concerns only the remedy and procedure sought by the taxpayer, rather than his original right. The commission excepted from a judgment overruling its demurrer to the petition.

■ "Statutes levying taxes, excises, or duties upon the citizens of a State are to be construed strictly against the governmental authorities and liberally in favor of the citizens." *Interstate Bond Co.* v. *State Revenue Commission*, 50 *Ga. App.* 744, 751 (179 S. E. 559), and cit. But there are other general rules, which must be followed in the construction of statutes. It is declared that "the ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject-matter." Code, § 102-102. It has been ruled that every part of a statute must be viewed in connection with the whole, so as to harmonize all its parts if practicable, and give a sensible and intelligent effect to each, for it is not to be presumed that the legislature intended any part of the statute to be without meaning (*Drake* v. *Drewry*, 109 *Ga.* 399, 35 S. E. 44; *Slate* v. *Atkins*, 35 *Ga.* 315, Fed. Cas. No. 5350; *Torrance* v. *McDonald*, 12 *Ga.* 526; *White* v. *Ivey*, 34 *Ga.* 186; *Mayor &c. of Savannah* v. *Hartridge*, 8 *Ga.* 23; *Central of Ga. Ry. Co.* v. *State*, 104 *Ga.* 831, 31 S. E. 531, 42 L. R. A. 518; *Smith* v. *Davis*, 85 *Ga.* 625, 11 S. E. 1024; *Tuttle* v. *Walton*, 1 *Ga.* 43); that the courts in construing a statute can neither add to nor take away from it (*Banks* v. *Darden*, 18 *Ga.* 318, 340; *Ezekiel* v. *Dixon*, 3 *Ga.* 146; *Hopkins* v. *Long*, 9 *Ga.* 261; *Calhoun* v. *McLendon*, 42 *Ga.* 405); that where a general term in one part of a statute is inconsistent with a more specific provision in another part, the latter must govern (*Kiser* v. *Doyal*, 51 *Ga. App.* 30, 33, 179 S. E. 578); and that judicial interpretation is excluded where none is needed in giving effect to plain and unambiguous legislative language (*Neal* v. *Moultrie*, 12 *Ga.* 104; *Calhoun* v.

*McLendon,* supra; *Papworth* v. *State,* 103 *Ga.* 36, 31 S. E. 402).
An exception to the latter rule exists where, in the light of the
old law, the evil to be corrected, and the end to be attained by
the remedy, the manifest legislative intent and purpose would
be defeated by a too literal construction of words. *Board of
Tax-Assessors of Decatur County* v. *Catledge,* 173 *Ga.* 656 (1-3),
660 (160 S. E. 909).

■ "At common law, and for many years under the Federal
statutes, protest at the time of payment was a condition precedent
to the recovery of a tax." George Moore Ice Cream Co. *v.* Rose,
289 U. S. 373 (53 Sup. Ct. 620, 77 L. ed. 1265). Under our
State statutes, however, a stricter rule is imposed, and a mere pro-
test will not suffice to change the status from that of a voluntary
payment. Under our general statute, "Payments of taxes or other
claims, made through ignorance of the law, or where the facts are
all known, and there is no misplaced confidence and no artifice, de-
ception, or fraudulent practice used by the other party, are
deemed voluntary, and cannot be recovered back, unless made
under an urgent and immediate necessity therefor, or to release
person or property from detention, or to prevent an immediate
seizure of person or property. Filing a protest at the time of
payment does not change the rule." Code, § 20-1007; *Strachan
Shipping Co.* v. *Savannah,* 168 *Ga.* 309 (147 S. E. 555). The
provisions of the State income-tax act of 1929 varied this general
law, and permitted the recovery of illegal taxes when paid under
written protest, even though no fraud or other reason existed
such as was set forth in the general State law. It will thus be seen
that this income-tax act put the recovery of illegally exacted taxes
upon substantially the same basis as the common-law rule, and
until recently was the general rule with reference to Federal taxes.
If, as seems to be conceded, the provisions of the State income-
tax act of 1929 are applicable, then there would be no right to
recover illegally exacted taxes in the absence of protest being
made at the time of payment; this, for the reason that "if the
law affords to the person from whom the payment is exacted an
immediate and adequate remedy to resist payment, he can not be
said to have acted under compulsion, if, neglecting to avail him-
self of such remedy, he elects to make the payment demanded of
him." *Hoke* v. *Atlanta,* 107 *Ga.* 416 (2), 420 (33 S. E. 412);

*Darby* v. *Vidalia,* 168 *Ga.* 842, 843 (149 S. E. 223); *Williams* v. *Stewart,* 115 *Ga.* 864 (42 S. E. 256).

Sections 6 to 11, inclusive, of the income-tax act of 1929, as to taxes paid under that act, particularly provided for the filing "at the time of payment" of "a protest in writing," and the method of procedure to be followed by the taxpayer in claiming and suing for a refund of any tax item claimed not to be legally due. Sections 41 to 43 of the income-tax act of 1931 (Code, §§ 92-3308 et seq.), provide for claims and suits for refunds. The first section is as follows: "A taxpayer may file a claim with the commissioner for a refund of any tax assessed against him, at any time within three years from the time of payment of the tax, whether or not the tax has been paid under protest. The commissioner shall grant a hearing thereon; and if upon such hearing it shall be determined that there has been an overpayment of any tax imposed by this act, the amount of such overpayment shall be refunded to the taxpayer, together with interest at six per centum per annum from the date of payment of such overpayment." The word "overpayment" has manifest reference to any payment not legally due, whether wholly or only partially illegal. Under the foregoing rules of statutory construction, the particular and specific words, *"any tax imposed by this act,"* having clearly, explicitly, and unambiguously limited such refunds to "any tax imposed by this act" of 1931, the meaning of the preceding phrase, "any tax assessed against him," must necessarily be construed as any tax assessed against him under this act, and can not be construed as relieving one who voluntarily made an erroneous or illegal payment under the income-tax act of 1929 from the duty of making written protest and claim in the manner required by the former act. Such a construction does not have the effect, as in *Board of Tax Assessors* v. *Catledge,* supra, of defeating a manifest legislative intent and purpose; but the mere qualification of the general by the particular and specific provision gives effect to the intent and purpose manifested by the express words.

In George Moore Ice Cream Co. *v.* Rose, supra, it was held that an amendment of the general Federal statute (Revised Statutes, section 3226) relating to taxes of all kinds, which eliminated the necessity of protest or duress in paying Federal taxes as a condition precedent to suit, inured to the benefit of those who had

paid illegal taxes (including an income tax as in that case) before as well as after the enactment. However, the Federal amendment was to the general tax law. It did not, as here, pertain to a law imposing a special tax and to relief which by its terms is limited to taxes "imposed by this act."

There is no general statute in Georgia affording a taxpayer a remedy for the recovery of taxes illegally or erroneously assessed, except as is hereinbefore quoted. In our general law the statute provides that "payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property;" and that "filing a protest at the time of payment does not change the rule." The income-tax act of 1929 did make an exception, but the plaintiff concedes that he did not comply with its terms. The income-tax act of 1931 makes a still more liberal exception to the general rule, but in unmistakable terms limits the application of the exception to refunds of taxes paid under the income-tax act of 1931.

*Judgment reversed. Stephens and Sutton, JJ., concur.*