# THE ATTORNEY GENERAL
## OF TEXAS



AUSTIN 11, TEXAS

GERALD C. MANN
~~WXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2079
Re: Persons paying excessive chain
store taxes erroneously in pre-
vious years cannot set off those
payments against taxes due for the
correct year.

This is in answer to your inquiry in regard to an ex-
cess payment of chain store taxes, which inquiry reads in part
as follows:

"A corporation (a), either under a mistake
of law or a mistake of fact, pays Chain Store Tax
on a number of stores. It is later determined
that the stores in question were not a chain and
that such corporation has overpaid the amount of
tax required, and that the stores paid on are not
subject to the tax as a chain but as an individual
unit.

"Is this department authorized to credit
the taxes due by such corporation for a subse-
quent year with the excessive amount of money
collected for the prior year?"

". . . upon receipt of the moneys paid by
the corporation as chain store tax such money was
cleared through this department and placed in the
State Treasury in the General Revenue, and such
money now rests in the General Revenue Fund."

"The Chain Store Tax Law" (House Bill 18, 44th Leg.,
First C.S., 1935), codified as Article 1111d of Vernon's Annotated
Penal Code, provides for the payment of certain license fees for
the privilege of operating stores, a license being required for
each store. These license fees have been held by the Supreme
Court of Texas to be occupation taxes. Hurt vs. Cooper, 130 Tex.
433, 110 S.W. (2d) 896.

The parts of this law with which we are concerned are
as follows:

"Sec. 2.    . . . It is hereby made the further duty of the Comptroller to collect, supervise, and enforce the collection of all license and application fees that may be due under the provisions of this Act and to that end the said Comptroller is hereby vested with all of the power and authority conferred by this Act . . . ."

"Sec. 3.    . . . If an application is found to be satisfactory, and if the filing and license fee as herein prescribed shall have been paid, the Comptroller of Public Accounts shall issue to the applicant a license for each store or mercantile establishment for which an application for a license shall have been made. . . . . ."

"Sec. 4.    All licenses shall be so issued as to expire on the thirty-first day of December of each year.  On or before the thirty-first day of December of each year, every person, agent, receiver, trustee, firm, corporation, association or copartnership having a license shall apply to the Comptroller of Public Accounts for a renewal license for the calendar year next ensuing. . . . ."

"Sec. 5.    . . . The license fees herein prescribed shall be as follows:  (Here is set out the amount of the fees.)

". . . Such fees are for the period of twelve (12) months, and upon the issuance of any license after the first day of January of any one year, there shall be collected such fractional part of the license hereinabove fixed as the remaining months in the calendar year (Including the month in which such license is issued) bears to the twelve month period."

"Sec. 9.    . . . All monies collected by the Comptroller of Public Accounts under the provisions of this Act shall be paid by him into the State Treasury daily as received; one-fourth of same shall be credited to the account of the Available School Fund and the remainder shall be credited to the account of the General Fund. . . . ."

There is no provision in "The Chain Store Tax Law" that provides that where a person has erroneously paid more chain store taxes than was due he should receive credit for this excess or erroneous payment when he makes his next or a subsequent chain store tax payment.  It is significant that there is such a provision in some of the other tax laws of this state, an

example being the gross production oil tax law (codified as
Article 7057a of Vernon's Annotated Revised Civil Statutes).

It is a general rule of law, adhered to in most juris-
dictions, that a person who has paid excessive taxes erroneous-
ly in previous years cannot set-off those payments against taxes
due for the current year. The rule is stated in 3 Cooley on
Taxation, 4th Ed., 2640, par. 1336, as follows:

" 1336. Unless by express provision of statute
set-off is not allowed in suits for taxes. So illegal
or excessive taxes paid in previous years cannot be set-
off against current tax demands. Any agreement between
tax officers and a taxpayer that a pre-existing claim
may be set-off against taxes is of no effect, at least
where the tax officers have no power to make such an
agreement."

In the case of Darby v. City of Vidalia, (Sup. Ct.
Ga.) 168 Ga. 842, 149 S.E. 223, the court said:

"'As matter of public policy, founded on the
exigancies of government, municipal corporations
must have present command of their current revenues.
Property holders who have paid, whether voluntarily
or by coercion, illegal taxes in former years, have
no right to set off (by injunction or otherwise) such
payments against executions issued for the taxes of
later years.'"

In the case of Shelton v. Blount County, (Sup. Ct.
Ala.) 202 Ala. 620, 81 Sou. 562, the court said:

"We must presume that the defendant tax col-
lector discharged this duty as prescribed by law,
and it seems clear that his account for the tax year
of 1914 was thereby effectually detached from his
account for the ensuing year, and that those accounts
were in no sense single or continuous. In line with
this theory, it has been held that the taxes col-
lected for one year cannot be applied as a credit on
the fund due to be accounted for by the tax collector
for any other year, but must be paid and credited as
for the year for which they were collected. State,
use of Winston County v. Tingle, Tax Collector, 196
Ala. 505, 71 South, 991. (Underscoring ours.)

It is our opinion that the rule announced in the fore-
going cases controls the answer to your question. We have been
unable to find a Texas appellate court case on this same fact

situation, but we see no reason why Texas should not follow the general rule.

We are basing this opinion on the foregoing reasons and authorities, but we call attention to the statement in the case of Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W. 2nd 242, as follows:

"A person who voluntarily pays an illegal tax has no claim for its repayment."

That statement was reiterated by the Supreme Court of Texas in the recent case of National Biscuit Company v. State, 135 S.W. 2nd 687. To the same effect are the cases of City of Houston v. Feizer, 76 Tex. 365, 13 S.W. 266, and Marion v. Lockhart, 131 Tex. 175, 114 S. W. 2nd 216.

We do not deem it necessary at this time to decide the question of whether or not the legislature could authorize you to give credit for this over-payment or refund these taxes erroneously paid. That would involve a construction of Article VIII., Section 6 of the Constitution of Texas. The legislature has not yet made such authorization as far as this case is concerned.

Our answer to your inquiry is that you are not authorized to credit the chain store taxes now owed by the corporation with the money erroneously paid by the corporation as chain store taxes for prior years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Rotsch
Cecil C. Rotsch
Assistant

CCR:ew:wc

APPROVED MAR 28, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman