55343. BROWNING et al. v. EUROPA HAIR, INC.

Bell, Chief Judge.

The appellee Europa Hair originally brought this suit on an account in the State Court of DeKalb County. The appellants Browning answered and counterclaimed for libel, a matter beyond the jurisdiction of the state

court. The appellants thereafter filed a separate action in the superior court for the same alleged libel which was the subject matter of the counterclaim. Their motion to remove this case to the superior court was granted and the actions were consolidated in the superior court. Europa's motion to dismiss the libel complaint for failure to state a claim was denied and an appeal was taken to this court. We reversed in part, holding that the libel complaint of the Brownings did not state a claim for relief. On motion for rehearing we stated that notwithstanding the reversal, the Brownings should be allowed to amend to allege a claim for relief and if they did not, "then the superior court should proceed with the pleadings and trial of the former civil action No. C-29626," the instant case. See *Europa Hair, Inc. v. Browning,* 133 Ga. App. 753 (212 SE2d 862). Thereafter, the Superior Court of DeKalb County again dismissed the Brownings' complaint and ordered this suit on account returned to the state court. After return, the Brownings moved to dismiss for lack of subject matter jurisdiction. The motion was denied. A partial summary judgment was granted to appellee Europa and later an order was entered dismissing the balance of the claim. This appeal followed. *Held:*

Appellants Browning contend that the state court was without jurisdiction by reason of the above quoted statement made by this court as it became the "law of the case" and was binding on the lower courts under CPA § 60 (h) (Code Ann. § 81A-160 (h)). The statement in the motion for rehearing was not a binding holding of this court. This language was obiter dictum as it was not necessary to the decision. *State Hwy. Dept. v. Cooper,* 104 Ga. App. 130 (121 SE2d 258). The order of remand to the state court had the effect of re-instituting the original suit on account, a matter within the jurisdiction of the state court. *Burgess v. Nabers,* 122 Ga. App. 445 (177 SE2d 266).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 31, 1978 — DECIDED MARCH 17, 1978.

*W. F. Browning, Jr.,* for appellants.

*Simmons, Martin, Warren & Szczecko, Joseph Szczecko,* for appellee.