35127. BROWNING et al. v. EUROPA HAIR, INC.

HILL, Justice.

Europa Hair, Inc., brought suit on open account against Browning et al. in the State Court of DeKalb County and filed a summons of garnishment on Browning's bank. Browning counterclaimed for alleged malicious use of garnishment and breach of contract.

Browning thereafter filed suit in the Superior Court of DeKalb County for alleged libel and damage to its credit reputation. Europa moved to dismiss (1) for lack of

venue in that it was a nonresident corporation without an agent for service of process in DeKalb County, (2) for lack of jurisdiction over Europa in that service of process had been made on its attorney, and (3) for failure to state a claim. Browning then moved in DeKalb Superior Court that the DeKalb State Court action be "removed" to the superior court. The superior court ordered the cases consolidated, enjoined further proceedings in state court, and overruled Europa's motion to dismiss.

On appeal, the Court of Appeals found that venue against Europa was proper in that it had filed suit in DeKalb State Court, and that service of process on Europa's attorney was proper, but that the complaint in superior court failed to state a claim for relief. *Europa Hair, Inc. v. Browning*, 133 Ga. App. 753 (212 SE2d 862) (1975).

Upon remand, the superior court dismissed the Browning complaint and ordered Europa's suit on account returned to the state court where a summary judgment for $24,604.37 for Europa was entered. Browning appealed, urging that upon remand the superior court should have retained the case, but his contention was rejected. *Browning v. Europa Hair, Inc.,* 145 Ga. App. 361 (243 SE2d 742) (1978). See also *Browning v. Europa Hair, Inc.,* 145 Ga. App. 345 (244 SE2d 152) (1978).

Thereafter, affidavit of garnishment signed by Europa's attorney, seeking collection of the judgment of the State Court of DeKalb County, was filed in DeKalb State Court on August 30, 1978. Browning traversed the affidavit on October 10, 1978 and a hearing was set for October 20. See *Browning v. Europa Hair, Inc.,* 150 Ga. App. 480 (1979).

On October 9, 1978, Browning filed in the Superior Court of DeKalb County a complaint in equity against Europa to set aside the state court judgment pursuant to Code Ann. § 81A-160 (e). On October 11, the complaint was served by a deputy sheriff on the attorney for Europa who had obtained the judgment sought to be set aside and who was then pursuing garnishment based on that judgment. The basis of the suit to set aside was that the charter of Europa Hair, Inc., had been cancelled by its state of incorporation prior to its filing the suit on account.

Europa moved to quash service of process contending that it could not be served by service upon its attorney. The trial court granted the motion. This appeal followed.

Where personal service upon an individual is required, service of process upon that person's attorney usually is not permitted. *Souter v. Carnes,* 229 Ga. 220 (190 SE2d 69) (1972); *Stallings v. Stallings,* 127 Ga. 464 (56 SE 469) (1906); compare *Vizard v. Moody,* 117 Ga. 67 (1) (43 SE 426) (1902). On the other hand, a corporation can only be served by service of process upon an agent of the corporation. *Southern Bell Tel. & Tel. Co. v. Parker,* 119 Ga. 721 (1) (47 SE 194) (1904); *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (1, 3) (182 SE2d 153) (1971); Code Ann. § 81A-104 (d) (1) (2). However, not every employee of a corporation is an agent subject to being validly served with process directed to the corporation. The reason is that the purpose of service is notice, and not every employee can reasonably be expected to notify the corporate officers of the receipt of the complaint. *Southern Bell Tel. & Tel. Co. v. Parker,* supra; *Southeastern Fidelity Ins. Co. v. Heard,* supra. Insofar as the purpose of providing notice is concerned, it can certainly be expected that an attorney for a corporation served with process will notify the corporate officers.

In *Europa Hair, Inc. v. Browning,* 133 Ga. App. 753, supra, it was held that where a foreign corporation files suit in a court of limited jurisdiction and the defendant files suit in the superior court of that county to enjoin prosecution of the first suit in the court of limited jurisdiction and to consolidate it with the suit in superior court, process in the suit in superior court may be served upon the attorney for the foreign corporation who filed the first suit. See former Code § 81-204. We approve the above holding and, applying it to this case, hold that where a foreign corporation files suit and obtains judgment in this state and institutes garnishment on that judgment in this state, process in a suit in equity to set aside that judgment under Code Ann. § 81A-160 (e) may be served upon the attorney for the foreign corporation who filed the first suit and the garnishment. During the pendency of the garnishment such attorney is an agent of the foreign

corporation subject to being served with the suit to set aside. The trial court erred in quashing the service of process.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 11, 1979 — DECIDED SEPTEMBER 10, 1979.

*Wayne F. Browning, Jr.,* for appellants.

*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellee.