35893, 35894. AUSTIN v. AUSTIN (two cases).

HILL, Justice.

This is a contempt proceeding by the former wife filed in response to a modification proceeding by the former husband. The issue is whether the contempt proceeding may be served upon the former husband's attorney in his modification proceeding. The trial court found that service could be had upon the attorney and, after a hearing at which the husband failed to appear, he was found to be in contempt.

The husband filed an application to appeal (35894), which this court granted, and, as a precautionary

measure, he sought to appeal directly (35893). Because an application to appeal was required by Code Ann. § 6-701.1, the direct appeal (35893) is dismissed.

The wife was granted a divorce and alimony and child support by final judgment and decree rendered by the DeKalb Superior Court in January, 1976. In April, 1979, the former husband filed a petition to modify the final judgment and decree. This petition was filed in DeKalb Superior Court because the former wife resided in that county at the time of filing. The former husband was represented by counsel in this modification proceeding.

On May 22, 1979, the former wife filed an application for contempt against her former husband for nonpayment of alimony. This application was set for hearing by rule nisi for June 18, 1979. The rule nisi provided that the application be served upon the husband's attorney of record in the modification proceeding.[1]

When the contempt application was called for hearing, the former husband's attorney announced that he represented the husband only in the modification proceeding, not in the former divorce case and not in the present contempt application. The court heard evidence and found the former husband in contempt for nonpayment of alimony. The husband's motion to set aside the contempt order, based on lack of jurisdiction over his person, was denied and this appeal was commenced.

After a decree of divorce and an award of permanent alimony become final, there are several proceedings which frequently are necessary. One is an application or petition for contempt (Code Ann. § 24-105); the other is a petition for modification of permanent alimony (Code Ann. § 30-220, as amended).[2]

---

[1]In her brief, the former wife argues that service upon the attorney is necessary where the former husband is no longer a resident of this state.

[2]A third would be a petition for change of child custody brought in the county of residence of the legal custodian. Ga. L. 1978, pp. 1957, 1958; Code Ann. § 24-304b(a).

These two proceedings are treated differently for venue purposes. Contempt applications must be filed in the county where the divorce and alimony decree was entered. *Connell v. Connell,* 222 Ga. 765, 767 (152 SE2d 567) (1966); *Goodrum v. Goodrum,* 202 Ga. 135 (3) (42 SE2d 450) (1947). This is so regardless of the fact that the respondent (the alleged contemnor) may not be a resident of that county, either having moved therefrom after the decree was entered or perhaps having never resided there. See *Goodrum v. Goodrum,* supra.

Modification proceedings on the other hand must be brought in the county of residence of the respondent in the proceeding. *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719) (1968). This is so regardless of the fact that the decree may be modified by a court other than the court which rendered it. *Bugden v. Bugden,* supra.[3]

Normally each of these two proceedings is commenced by the filing of a petition, which is then personally served on the defendant (respondent) by the sheriff pursuant to Code Ann. § 81A-104. Normally, service upon a party's attorney is valid only where the papers served are pleadings, motions, notices, etc., in the pending proceeding in which the attorney is employed. Code Ann. § 81A-105. In the case before us, the former husband relies upon these two rules. *Harris v. Harris,* 205 Ga. 105 (1) (52 SE2d 598) (1949).

The holding in this case is limited to the facts of this case, to wit: After a permanent alimony judgment was rendered, a former spouse filed a petition for modification in the court which had entered the alimony judgment. The other spouse filed an application for contempt for nonpayment of alimony with rule nisi attached authorizing service of the contempt application upon the attorney for the petitioner in the modification proceeding.

---

[3]Whether the legislature could enact a modification proceeding which could be treated as a continuation of the divorce and alimony case so as to permit the court entering the original judgment to retain jurisdiction of modification proceedings, like contempt applications, we do not here decide.

Service was made upon that attorney.

"It is well settled that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment. *Citizens Bank of Vidalia v. Citizens & So. Bank,* 160 Ga. 109 (4) (127 SE 219), and cases there cited; *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788)." *Mathis v. Blanks,* 212 Ga. 226 (91 SE2d 509) (1956). In the case before us, the subject matter of the modification proceeding in which the husband's attorney was employed was the divorce and alimony judgment which was the subject of the wife's contempt application. It would be unconscionable for a nonresident to be able to seek modification of an alimony judgment in the courts of this state but be immune at the same time to enforcement of that very same judgment. The former husband was on notice of the contempt proceeding against him.

In *Browning v. Europa Hair, Inc.,* 244 Ga. 222 (259 SE2d 473) (1979), we held that where a foreign corporation files suit and obtains a judgment in this state and thereafter institutes a garnishment proceeding in this state on that judgment, and where the judgment debtor then institutes a suit in equity to set aside that judgment, the complaint in equity can be served upon the foreign corporation's attorney in the pending garnishment case. In *Browning,* supra, we said (244 Ga. at 224): ". . . [T]he purpose of service is notice, and not every employee can reasonably be expected to notify the corporate officers of the receipt of the complaint. [Cits.] Insofar as the purpose of providing notice is concerned, it can certainly be expected that an attorney for a corporation served with process will notify the corporate officers." The *Browning* case is applicable here.

The former husband relies upon *Moore v. Moore,* 229 Ga. 135 (189 SE2d 431) (1972). There, however, the second contempt application (which was served on the attorney for the contemnor in the first contempt proceeding) was not filed during the pendency of the first contempt proceeding; i.e., the first contempt proceeding had been concluded before the second proceeding was instituted and the services of the contemnor's attorney in the first

proceeding presumably had terminated, too. In *Berman v. Berman,* 233 Ga. 76 (209 SE2d 622) (1974), service of a subsequent contempt application upon the contemnor's attorney was approved where a prior contempt application was still pending; i.e., the contemnor was being represented by the attorney in a pending proceeding. Accord, *Smith v. Smith,* 244 Ga. 230 (259 SE2d 480) (1979). In *Harris v. Harris,* supra, there was no proceeding pending when the former wife sought to institute a contempt case by service of it upon her former husband's former attorney.

Code Ann. § 81A-104(i), relating to service of process, provides in part that "In all cases or special proceedings where the requirements or procedure for service, or both, are not prescribed by law, and in any situation where the provisions therefor are not clear or certain, the court may prescribe service according to the exigencies of each case, consistent with the Constitution." An application for contempt is a special proceeding within the meaning of the foregoing provision, and the requirements and procedures for service of contempt applications are not specifically prescribed by law. Under the facts presented by this case the provisions for service are not certain. Therefore the trial court did not err in prescribing service by rule nisi upon the alleged contemnor's attorney in the pending modification proceeding. Such service was consistent with the Constitution.

*Judgment affirmed in Case No. 35894; appeal dismissed in Case No. 35893. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1980 — DECIDED MARCH 5, 1980 — REHEARING DENIED MARCH 18, 1980 IN CASE NO. 35894.

*William H. Smith, Jr.,* for appellant.
*William E. Zachary, Sr.,* for appellee.