37162. BYRD v. BYRD et al.

JORDAN, Chief Justice.
Certiorari was granted to reiterate the principles recently summarized in *Austin v. Austin,* 245 Ga. 487 (265 SE2d 788) (1980), pertaining to service of process by mail in lieu of service by the sheriff in proceedings subsequent to a final judgment and decree of divorce. *Byrd v. Byrd,* 156 Ga. App. 655 (274 SE2d 167) (1980).

Divorce proceedings between Annie and Fred Byrd terminated on March 6, 1979, in a final judgment and decree of divorce that resolved certain financial matters. Thereafter, on August 30, 1979, while no other proceedings were pending between the parties, Fred filed a motion for contempt against Annie complaining of her nonpayment of certain sums due to him under the final order in their divorce case. Service of process was attempted by mailing a copy of the citation for contempt to Annie's residence address in lieu of service by the sheriff. The trial court ruled that the service was valid, and Fred recovered judgment against Annie.

Annie's direct appeal to this court was dismissed for failure to file an application in accordance with Code Ann. § 6-701.1.

Fred then filed against Annie garnishment proceedings which were traversed by Annie. The Court of Appeals affirmed the trial court's judgment denying Annie's traverse. *Byrd v. Byrd,* supra.

Although under the principles summarized in *Austin,* supra, the service of process by mail in lieu of service by the sheriff was invalid because no action then was pending between the parties in which service by mail could be perfected, the judgment of the Court of Appeals affirming the judgment of the trial court denying Annie's traverse must be affirmed because the issue of the validity of the service by mail was finally adjudicated adversely to Annie when this court dismissed her direct appeal for want of an application as required by Code Ann. § 6-701.1.

The contempt judgment was final. It determined that the defense of improper service of process was wanting in merit. We hold that a dismissal of a direct appeal to this court for lack of an application as required by Code Ann. § 6-701.1 invokes the doctrine of res judicata when the judgment appealed was final and on the merits. Accordingly, the traverse correctly was denied by the trial court and the trial court's judgment correctly was affirmed by the Court of Appeals.

*Judgment affirmed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 17, 1981.

*Eugene A. Deal,* for appellant.
*Joseph S. Crespi,* for appellees.