## 37635. GREER v. HEIM.

SMITH, Justice.

Appellant and appellee are, respectively, former husband and wife. Under the 1977 divorce decree, apppellant was ordered to pay $500.01 per month in child support. On January 23, 1981, appellee, a non-resident of this state, filed a contempt action in the Superior Court, alleging that appellant "has wilfully failed and refused to pay said support as ordered by this Court and is in arrears in the amount of $9,623.41." Appellant was personally served. On January 28, during the pendency of the contempt action, appellant filed a petition in the same court for modification of the child support order. Paragraph I of the petition alleged that "Defendant is a non-resident [of Georgia] temporarily sojourning in said State and may be served personally with a copy of these proceedings by service upon her Attorney of Record, William C. Moore." Moore was appellee's attorney in her contempt action and he was in fact served with a copy of the petition.

The contempt action was heard on February 3, and appellant was found in contempt. On February 5, an answer to the modification petition was filed in which the allegations of Paragraph I were denied. The answer was signed by William C. Moore as "attorney for defendant." A motion to dismiss for improper service and lack of jurisdiction over the person was also filed on that date. See CPA § 12 (b) (Code Ann. § 81A-112 (b)). Attached to the motion was an affidavit signed by Moore, stating that "at the time of the purported service of stated petition for Modification the undersigned had not been retained as attorney for Defendant [appellee] in connection

with any matters whatsoever other than the Contempt Citation . . ."

The sole issue presented by this case is whether service upon the attorney constituted valid service upon appellee. The trial court held that it did not, and we affirm.

"A motion filed seeking to have a party to a divorce proceeding held in contempt of court for failure to comply with a decree of court is not tantamount to the filing of a complaint wherein the movant submits to the venue of the court. Thus, the provisions of the Civil Practice Act (Ga. L. 1966, p. 609; Code Ann. Title 81A), authorizing counterclaims and cross complaints where not permitted prior to its enactment does not affect a contempt motion, and where, as in the present case, the movant is shown not to be a resident of the county wherein the contempt citation is filed, the court is without jurisdiction to consider a counterclaim or cross complaint to modify a prior judgment granting custody of a child." *Davis v. Davis,* 230 Ga. 33, 34 (195 SE2d 440) (1973).

"If the rule were otherwise, a husband could decline to pay alimony or child support so as to precipitate an application for contempt upon which a counterclaim for modification could be based. This would encourage nonpayment and deprivation of those entitled by the judgment to receive such payments. Although economy of judicial time would be served by allowing counterclaims to applications for contempt, the parties then being before the court, neither judicial economy nor the Civil Practice Act should be used so as to encourage disregard of court orders." *McNeal v. McNeal,* 233 Ga. 836, 837-838 (213 SE2d 845) (1975) (Hill, Justice, concurring specially). "Normally [a modification proceeding] is commenced by the filing of a petition, which is then personally served on the defendant (respondent) by the sheriff pursuant to Code Ann. § 81A-104. Normally, service upon a party's attorney is valid only where the papers served are pleadings, motions, notices, etc., in the pending proceeding in which the attorney is employed. Code Ann. § 81A-105." *Austin v. Austin,* 245 Ga. 487, 489 (265 SE2d 788) (1980). There is no compelling reason why an exception to the general rule should be made in the instant case.

*Austin v. Austin,* supra, cited by appellant, was expressly limited to its facts (Id. at 489) and is clearly distinguishable from the case at bar. In *Austin,* the non-resident had instituted a modification proceeding in this state. During the pendency of that proceeding, an application for contempt was served upon the attorney for the non-resident. In the instant case, the non-resident has availed herself of the Georgia courts solely for the purpose of enforcing an existing judgment. See *Slowik v. Knorr,* 222 Ga. 669 (151 SE2d 726) (1966). The situation here is the reverse of *Austin,* and the policy

considerations involved are quite different.
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1981.

*Hirsch, Beil & Partin, Milton Hirsch,* for appellant.
*William C. Moore,* for appellee.