72868. SOUTHERN INTERMODAL LOGISTICS v. CAROLINA CASUALTY INSURANCE COMPANY et al.
(351 SE2d 509)

BENHAM, Judge.

Appellant Southern Intermodal Logistics ("SIL") brings this appeal from the judgment entered against it on a cross-claim filed by appellee Interstate Truck Leasing, Inc. ("Interstate"). SIL maintains that the trial court was without authority to enter the judgment because the cross-claim was never served on appellant. Interstate argues that service of the cross-claim upon SIL's counsel of record in a separate, related action meets the statutory requirement for service of a pleading subsequent to the original complaint. See OCGA § 9-11-5 (b).

The makings of this appeal had their inception when Hollingsworth, an SIL employee, filed a negligence action against Interstate after suffering an injury involving a truck owned by Interstate. Interstate filed a third-party complaint against SIL, contending that appellant had agreed to indemnify and hold harmless Interstate. SIL tendered the defense of the third-party complaint to its insurance carrier, appellant Carolina Casualty Company ("Carolina"), which filed an answer to the third-party complaint on behalf of SIL. Carolina then filed a separate suit, the present action, seeking a declaration that the coverage it provided SIL did not encompass Hollingsworth's tort action. Carolina named Hollingsworth and Interstate as defendants in its declaratory judgment suit, and amended its complaint to add appellant as a defendant. Interstate then filed a cross-claim against appellant, seeking a declaration that SIL was obligated to defend Interstate and hold it harmless with regard to any claims arising from the tort action brought by Hollingsworth. All parties agree that Interstate served a copy of its cross-claim on the attorney who filed SIL's answer to Interstate's third-party complaint in the Hollingsworth tort action (although the certificate of service following Interstate's cross-claim states that the "attached Notice to Take Deposition" was forwarded). It will be recalled that Carolina, SIL's insurer, filed the third-party complaint answer on behalf of SIL. The same attorney represented Carolina in the declaratory judgment action in which SIL and Interstate were defendants, resulting in the anomalous situation wherein Interstate served its cross-claim against its co-defendant SIL in the declaratory judgment by serving the attorney for the plaintiff in that declaratory judgment action. Judgment on the cross-claim was subsequently entered against SIL and its mo-

tion to set aside that judgment implicitly denied. We reverse the entry of judgment against SIL on the cross-claim.

Subject to certain exceptions not applicable here, OCGA § 9-11-5 (a) requires service upon each party of every pleading subsequent to the original complaint. "Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. . . ." OCGA § 9-11-5 (b). "Normally, service upon a party's attorney is valid only where the papers served are pleadings, motions, notices, etc., in the pending proceeding in which the attorney is employed." *Austin v. Austin*, 245 Ga. 487, 489 (265 SE2d 788) (1980). See also *Greer v. Heim*, 248 Ga. 417, 418 (284 SE2d 11) (1981). In the case at bar, the attorney served was representing a party in the pending proceeding, but his client was not appellant. Rather, the attorney served was representing appellant's insurer, who filed the declaratory judgment action against, among others, appellant. While this same attorney acted on appellant's behalf when he filed on behalf of appellant's insurer an answer to the third-party complaint lodged against appellant in the Hollingsworth tort suit, that was not the "pending proceeding" in which the cross-claim was filed against appellant. Inasmuch as a court's judgment is null and void where there has been no legal service or waiver of service, the judgment rendered against SIL on Interstate's cross-claim must be reversed. *Henry v. Hiwassee Land Co.*, 246 Ga. 87, 88 (269 SE2d 2) (1980). The contrary result in *Austin v. Austin*, supra, is distinguishable inasmuch as that case was expressly limited to its facts.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1986.

*David R. Smith, Robert P. Hall III*, for appellant.
*Charles W. Brannon, Jr., John T. Woodall, Charles R. Ashman, Carmel W. Sanders*, for appellees.