73059. IN THE INTEREST OF C. D. B.
(355 SE2d 759)

BENHAM, Judge.

Appellant, C. D. B.'s natural father, appeals from an order terminating his parental rights and granting an adoption petition filed by C. D. B.'s mother's husband.

1. Appellant first filed an application for discretionary appeal in the Supreme Court. When that application was denied, appellant filed a timely direct appeal to that court. The Supreme Court transferred the case to this court because the constitutional issues on which the invocation of that court's jurisdiction was based were not raised in the trial court.

Appellees, C. D. B.'s mother and adoptive father, have filed a motion to dismiss the appeal, citing *Byrd v. Byrd*, 248 Ga. 163 (281 SE2d 617) (1981), and *Steele v. Niggelie*, 163 Ga. App. 98 (293 SE2d 368) (1982), for the proposition that the Supreme Court's denial of the discretionary application is res judicata on the merits of the action. The statement of that proposition in *Steele* was pure dicta, and the statement in *Byrd* on which appellees rely was that the doctrine of res judicata was invoked by the dismissal of a direct appeal for failure to file a discretionary application when one was required. Since the procedural situations existing in those two cases do not exist here, they are inapposite and the motion to dismiss is denied.

2. As noted in Division 1, appellant's various constitutional attacks on OCGA § 19-8-6 (b) were not raised in the trial court. They cannot now be considered by this court for that reason (see *American Mut. Ins. Co. v. Thompson*, 169 Ga. App. 24 (1) (311 SE2d 846) (1983)), and because attacks on the constitutionality of a statute are outside the jurisdiction of this court. Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1).

3. Appellant contends on appeal that appellees did not carry their burden of proving by clear and convincing evidence (see *In re S. D. S.*, 166 Ga. App. 344 (4) (304 SE2d 85) (1983)) that appellant had failed significantly for a period of one year prior to the filing of the adoption petition to provide for the care and support of the child as required by judicial decree, and that adoption is for the best interests of the child. See OCGA § 19-8-6 (b) (2). The record persuades us otherwise. It shows that appellant, in the year prior to the filing of the adoption petition, made only eight of the weekly support payments of $50 required by a previous court order. Furthermore, although appellant attempted to justify his failure to support on the ground of illness which prevented his steady employment, there was sufficient evidence from which the trial court could find that appellant had not made significant efforts to produce the income necessary to meet his child support obligations. That evidence, together with evidence of the history of appellant's relationship with the child and with the child's mother, authorized the trial court to find that appellant had failed significantly for the year prior to the filing of the adoption petition to provide court-ordered support, and that the adoption is for the best interests of the child. See *Kirkland v. Lee*, 160 Ga. App. 446 (287 SE2d 365) (1981).

4. In his final enumeration of error, appellant contends that the trial court committed reversible error in entering judgment without first requiring an investigation by the Department of Human Resources as is provided for in OCGA § 19-8-11. That argument is controlled adversely to appellant's position by *Chandler v. Cochran*, 247 Ga. 184 (2) (275 SE2d 23) (1981).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The trial court committed error in not requiring the DHR investigation and recommendation or a substitute in the event DHR notified the court that DHR was unable to fill the request. *Chandler v. Cochran*, 247 Ga. 184 (2) (275 SE2d 23) (1981) found that it was error to omit this legislatively-mandated procedure but that it was harmless in the circumstances of that particular case. As pointed out by the Supreme Court, it is a "required report" and when it is made, it is "mandatory to consider the report." Id. at 185 and 186.

The statute, OCGA § 19-8-11 (a), clearly states that the court cannot "take . . . other steps" to have the matter investigated *unless* the DHR cannot do so. The independent investigation, conducted free of the rules of evidence and courtroom confines and time narrowness of a judicial inquiry, is what the legislature insists on. This policy, which relates to the elemental relationship of a biological parent and child which is by judicial decree of adoption sundered forevermore in the eyes of the law for all purposes controlled by law,[1] is confirmed by the express command that the investigation report and recommendations be considered by the court. OCGA § 19-8-13 (a). We recognized so in *Ridgley v. Helms*, 168 Ga. App. 435, 439 (3) (309 SE2d 375) (1983).

The primary issue both below and here is whether there is clear and convincing evidence that the parental relationship should be terminated. Much of the evidence, and to a degree the decision itself, is by nature subjective. Thus, a significant part of the body of information which the court is to take into account in weighing that evidence is the report and recommendation of the independent and disinterested social service agency. What is to be contained in the report is expressly set out in OCGA § 19-8-12 (a).

Thus the complete absence of the department's input creates a void in the process which is required by law to be followed in considering the evidence brought by the antagonistic parties who each have a high stake in the outcome. It is the department's obligation to provide the report and recommendation, OCGA § 19-8-11 (a), and the court's obligation to "give consideration to" it. OCGA § 19-8-13 (a). It does not require a request from either party.

Instead, it is the mandate of the legislature as part of the process for these cases in which there is a complete destruction of the natural parent-child relationship in the law and the substitution of a new par-

---

[1] See *Santosky v. Kramer*, 455 U. S. 745 (102 SC 1388, 71 LE2d 599) (1982).

ent. This process for effecting such a change is the declared public policy of the state, and as repeated again in *Kirkland v. Lee*, 160 Ga. App. 446, 449 (287 SE2d 365) (1981): " '(I)t is the province of the General Assembly, and not of the courts, to declare what shall be the public policy of this State . . .' *Hightower v. Hollis*, 121 Ga. 159, 161-162 (48 SE 969) (1904). '[T]he courts in construing a statute can neither add to nor take away from it. [Cits.]' *State Revenue Com. v. Alexander*, 54 Ga. App. 295, 296 (187 SE 707) (1936)."

The departure in this case is saved only because the facts disclosed by the record are so compelling that they render harmless the bypassing of the mechanism designed to uncover and marshall all of the information relevant to the complex issues of final adoption.

DECIDED MARCH 19, 1987.

*D. Jeffrey Grate*, for appellant.
*Gregory T. Jones*, for appellee.