**Charlotte VLAHOS Plaintiff**

v.

**FREDERICK J. HANNA & ASSOCIATES, P.C., and Doe Martin Defendants**

**No. 1:06 CV 521 ODE.**

United States District Court, N.D. Georgia, Atlanta Division.

May 4, 2006.

---

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

James T. Freaney, Frederick J. Hanna & Associates, Marietta, GA, for Defendant.

## ORDER

EVANS, District Judge.

This case, in which Plaintiff Charlotte Vlahos alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* is currently before the Court on Defendant's Motion to Dismiss [# 4] based on insufficient service of process.

### I. *Factual and Procedural Background*

Plaintiff opened a credit card with Bank of America in September 2003, which subsequently went into default in November 2004. In February 2006, Bank of America assigned the debt to Defendant Frederick J. Hanna & Associates, P.C. ("Hanna"), a law firm, for collection. On behalf of Hanna, Doe Martin[1] began contacting Plaintiff regarding her debt. Plaintiff alleges that Doe Martin did not inform her that he was a debt collector and told her that a lawsuit would be brought against her if she did not pay the debt, that a 27% garnishment could be attached to her property, and that attorneys' fees and costs would be added to the amount she owed once she was served with a subpoena to appear in court, among other things. Based on Doe Martin's actions, Plaintiff alleges several violations of the Fair Debt Collection Practices Act.

Plaintiff filed this action on March 6, 2006. Plaintiff's counsel Lisa Wright filed a return of service on March 8, 2006. This document indicates that Lisa Wright served process on James Freaney on March 6, 2006. She did so at the Cobb County State Court while Mr. Freaney was there representing Hanna in a different case.[2] Mr. Freaney is an attorney at Hanna and is the attorney representing Hanna in this action. On March 25, 2006, Defendant Hanna filed the instant motion to dismiss.

### II. *Defendant Hanna's Motion to Dismiss*

Defendant argues that Plaintiff's service of process upon Mr. Freaney was improper and that the action should therefore be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5). Specifically, Defendant argues that service of process upon Mr. Freaney does not comply with the requirement that a corporation be served by delivering a copy of the complaint and summons "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Federal Rule of Civil Procedure 4(h). Defendant attached Mr. Freaney's affidavit stating that he is not an officer, director, or shareholder of Hanna, is not the registered agent for service of process on Han-

---

1. Doe Martin is an individual whose true name is unknown and who Plaintiff believes to be a debt collector employee of Defendant Hanna.

2. Although irrelevant to the instant motion, Ms. Wright states that she served Mr. Freaney while at court because in prior cases the employees of Hanna "have made every effort possible to refuse to accept service of the summons and complaint at their offices." (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss).

na, and has not been authorized to receive process on behalf of either Hanna or Doe Martin. Plaintiff argues in response that Mr. Freaney qualifies as an agent to receive service of process for Hanna.

A. *Discussion*

Under Federal Rule of Civil Procedure 4, a corporation can be served with process "pursuant to the law of the state in which the district court is located," Fed.R.Civ.P. 4(e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(d)(3). Under Georgia law:

In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him. It is not necessary that the employee in question be an officer or that he be authorized to enter into contracts on behalf of the corporation. However, if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility in the organization.

Where the evidence is conflicting with respect to the authority of an employee to receive service, the issue becomes one of fact to be resolved by the trial judge.

*Whatley's Interiors, Inc. v. Anderson*, 176 Ga.App. 406, 406–07, 336 S.E.2d 326 (Ga. Ct.App.1985) (internal citations and quotations omitted).

In *Henderson v. Cherry Bekaert & Holland*, 932 F.2d 1410 (11th Cir.1991), the Court of Appeals for the Eleventh Circuit concluded that "[t]he Georgia cases do not create a high threshold for the amount of authority necessary to make an employee a valid agent to receive process." *Id.* at 1412. The court held that a non-partner accountant at an accounting firm was a qualified agent to accept service of process. *Id.* at 1413. The court noted that his business card stated that he was · a certified public accountant and that he had the job title of "Manager," which "rank[s] almost at the top of his firm's hierarchy of non-partners." *Id.* Finally, the court found it relevant that he gave the corporation timely notice of the service of process upon him. *Id.*

Mr. Freaney is one of the named attorneys on Hanna's letterhead. It is unclear whether Mr. Freaney has an ownership interest in the law firm as a partner versus whether he is a salaried employee. Nevertheless, the fact that he is one of a small group of attorneys at a law firm with a large support staff suggests that he has some managerial or supervisory role. It is also relevant that Mr. Freaney did, in fact, provide notice to the corporation. *See Ogles v. Globe Oil Co., U.S.A.*, 171 Ga.App. 785, 786, 320 S.E.2d 848 (Ga.Ct.App.1984) ("Clearly his duties and responsibilities were such as to afford reasonable assurance that he would inform his corporate principal of the service of process upon him; and it is undisputed that he in fact did so in a timely manner. Under these circumstances, we have no hesitancy in holding that he was a qualified agent upon whom to perfect service of process.") (referring to the manager of one of defendant's retail stores).

Further, the fact that Mr. Freaney is Hanna's attorney, in addition to being an employee, supports his qualification as an agent to receive service of process. In *Browning v. Europa Hair, Inc.*, 244 Ga. 222, 259 S.E.2d 473 (Ga.1979), the Su-

preme Court of Georgia held that an attorney was a proper agent for service of process upon a foreign corporation.[3] *Id.* at 224, 259 S.E.2d 473. Although the holding was specific and is distinguishable from the situation here, the underlying reasoning still applies. The court stated, "[i]nsofar as the purpose of providing notice is concerned, it can certainly be expected that an attorney for a corporation served with process will notify the corporate officers." *Id.* at 224, 259 S.E.2d 473. Indeed, it seems clear that Mr. Freaney, as an attorney who has represented Hanna in numerous actions in the past, would provide timely notice to the corporation.

In sum, the Court finds that Mr. Freaney was a qualified agent to receive service of process on Hanna's behalf.

### III. *Conclusion*

For the foregoing reasons, Defendants' Motion to Dismiss [# 4] is DENIED.

---

**3.** The exact holding was that "where a foreign corporation files suit and obtains judgment in this state, process in a suit in equity to set aside that judgment under Code Ann. § 81A-160(e) may be served upon the attorney for the foreign corporation who filed the first suit and the garnishment. During the pendency of the garnishment such attorney is an agent of the foreign corporation subject to being served with the *suit to set aside.*" *Id.* at 224–25, 259 S.E.2d 473.