39422. KING SALES COMPANY, INC., *et al.* v. McKEY.

DECIDED APRIL 4, 1962—REHEARING DENIED APRIL 24, 1962.

*Bruce B. Edwards,* for plaintiffs in error.
*Bullock, Yancey & Mitchell, Kyle Yancey,* contra.

NICHOLS, Presiding Judge. 1. The defendants' pleas of estoppel by judgment and res judicata were based on the trial of a previous case between the plaintiff and a finance company that had advanced money to pay for the merchandise sold the plaintiff. The finance company had sued the plaintiff in the present case and she, in her answer, had alleged a conspiracy between the finance company and King Sales Co. to defraud her. Neither the defendant King Sales Co. nor the defendant Roy King was a party to such action.

" 'Under the doctrine of res judicata, "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. In the latter case there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order

for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. (citing.) Under both rules, in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved. *Code* §§ 110-503, 110-504.' [*Sumner v. Sumner*, 186 Ga. 390, 197 SE 833]." *Morris v. Georgia Power Co.*, 65 Ga. App. 180, 187 (15 SE2d 730). See also *Williams v. Richards*, 100 Ga. App. 501 (111 SE2d 632).

The prior action between the plaintiff in the case sub judice and the finance company was not between the same parties or their privies, nor was it between the same parties on a different cause of action. The judgment denying the defendants' pleas in bar was not error, and the special ground, number 5, of the defendants' amended motion for new trial which seeks to raise such question is without merit.

2. Special ground number 4, the sole remaining special ground of the amended motion for new trial, complains that the trial court erred in permitting the plaintiff to introduce evidence with reference to the defendant's having fraudulently, as a course of dealings, sought to sell their wares by claiming that the use of aluminum utensils in the preparation of food was a cause of cancer and other diseases. The defendants rely upon a decision of this court, on the first appearance of the case, to support their position that the admission of such evidence would be prejudicial to them.

The case was tried by the trial court without the intervention of a jury, and when a case is so tried the rules as to the admission of evidence are less strict. See *Ward v. State*, 26 Ga. App. 61 (105 SE 373); *Camp v. Mapp*, 95 Ga. App. 262 (97 SE2d 623); *Burton v. Campbell Coal Co.*, 95 Ga. App. 338, 340 (97 SE2d 924); and *Augusta Roofing &c. Works v. Clemmons*, 97 Ga. App. 576 (103 SE2d 583). The plaintiff sought, according to the approved ground of the amended motion for new trial, to have such evidence introduced solely for the purpose of impeachment and the trial court stated in admitting

such evidence that it was being admitted solely for the purpose of impeachment.

"In proceedings in which the court is both judge and jury, 'it must be presumed that the judge has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent. This presumption prevails unless from the judgment itself it appears that consideration has been given to testimony which should have been excluded.' *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60)." *Rowell v. Rowell,* 211 Ga. 127, 130 (84 SE2d 23). The trial court, in ruling on the defendants' objection to the admission of the evidence, stated that such evidence was being admitted solely for the purpose of impeachment, for which purpose it was admissible, and the final judgment does not make it appear that any consideration was given to such evidence for any other purpose.

3. The brief of evidence in the case contains over two hundred pages and it would indeed serve no useful purpose to quote from such evidence at length. Suffice it to say that the evidence adduced on the trial of the case, while conflicting, authorized the judgment for the plaintiff, and the judgment overruling the defendants' motion for new trial was not error for any reason assigned.

*Judgments affirmed. Frankum and Jordan, JJ., concur.*