## 32561. McKUSICK v. COLEMAN.

BOWLES, Justice.

The appellee, Rickey T. Coleman, filed a petition to modify the terms of a divorce decree awarding custody of the parties' minor child to his former wife, Sandra Coleman McKusick, so as to place custody in himself. The case was heard, and the Juvenile Court of Houston County issued an order granting custody of the child to appellee Coleman based on a change in circumstances materially affecting the welfare of the child.

Appellant McKusick appealed to the court in *Coleman v. Coleman,* 238 Ga. 183 (232 SE2d 57), complaining of the juvenile court's failure to enter findings of fact and conclusions of law with its order changing custody to appellee, and complaining on the merits of the order. This court, reaching only the first issue raised by appellant, ordered the judgment of the juvenile court vacated and remanded the case so that findings of fact and conclusions of law could be entered. Pursuant to that decision, the Juvenile Court of Houston County issued an order on January 25, 1977, making findings of fact and conclusions of law, and granting custody of the parties' minor child to appellee Coleman based on changed circumstances.

Appellant McKusick again appeals to this court complaining that the trial court erred in modifying the original award of custody of the child from her to appellee in that there was no reasonable evidence to support a finding of change in circumstances which materially affected the welfare of the child. We affirm.

The evidence presented at the hearing on the original change of custody petition showed that in October, 1973, the Superior Court of Houston County awarded custody of Belinda Coleman to her mother, the appellant in this case. Shortly before this decree, the appellant had been involved in a serious car accident from which she has never completely recovered. She has been undergoing constant medical treatment, including drug therapy for pain and counseling from psychiatrists, psychologists and social workers. Testimony elicited from various witnesses tended to show that since the original

award of custody, appellant has lived with several men while she has had custody of her daughter; has imposed unnecessarily severe punishment upon her daughter; has used abusive language toward the child; and has used poor judgment in obtaining suitable sitters for the child during her absences. The court was allowed to draw from this evidence that it was not in the best interests of the child that she remain in the custody of the appellant.

Additional evidence presented showed that the appellee, Rickey T. Coleman, had remarried since the original custody award, and was able to provide a suitable home environment for his daughter. The court concluded that it would be in the best interests of Belinda Coleman that her custody be awarded to appellee.

"In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, 'the trial judge is vested with a discretion which will not be controlled by this court unless it is abused. . . When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it.' *Madison v. Montgomery,* 206 Ga. 199 (56 SE2d 292)." *Beckman v. Beckman,* 225 Ga. 693, 695 (171 SE2d 135) (1969); *Lamb v. Lamb,* 230 Ga. 532 (198 SE2d 171) (1973). See also *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974).

The trial court did not abuse its discretion in this case, and the evidence is ample to support the judgment. We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1977 — DECIDED SEPTEMBER 28, 1977.

*Williams & Finlayson, George L. Williams, Jr.,* for appellant.

*Walter E. Harrington, Jr.,* for appellee.