## 56409. WELLFORT et al. v. BOWICK.

BELL, Chief Judge.

This is an action to adopt a minor child. The petition of adoption alleged that the natural mother, the appellee, consented to the adoption, attaching to the petition an alleged written consent of appellee. The appellee filed an objection alleging in part that her consent was conditional in that she could regain the custody of her child within ninety days of the date of the consent and that she was revoking this conditional consent. The trial court, after making findings of fact and conclusions of law, denied the petition for adoption. *Held:*

1. The mother and several other witnesses testified that the mother signed the consent only because her stepmother promised that she could get the baby back any time within ninety days after signing. Even the stepmother testified at one point that this was her belief as well. Accordingly, the trial court was authorized to find by the evidence that the consent was not intended to be final and that the consent was subject to the ninety-day right of revocation. Code Ann. § 74-403(1) provides that ". . . no adoption shall be permitted except with the written consent of the living parents of a child. Said consent, when given freely, voluntarily, may not be revoked by the parents as a matter of right . . ." But revocation may be had for good and sufficient cause. *Duncan v. Harden,* 234 Ga. 204 (214 SE2d 890). Good and sufficient cause was shown here. The trial court's findings of fact, conclusions of law and the judgment denying the petition were authorized by the evidence.

2. In her objection to the adoption petition, appellee also alleged that she signed the consent when she was not

in control of her faculties and that she was sickly. Once the trial court found that the consent was not intended to be final and was subject to revocation, these issues were immaterial. Therefore, it was unnecessary for the court to make any factual findings respecting these allegations of being sick and not in control of her faculties.

3. The transcript of the evidence reflects that the trial court gave consideration to the investigative report by the Department of Human Resources as required by Code Ann. § 74-414, before making its decision. The fact that the court did not explicitly state in the order that the report was considered is not a ground for reversing the judgment.

4. The appellant's constitutional challenge to Code § 74-414 raised for the first time on appeal presents nothing for our consideration.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 16, 1978.

*Dubberly & Rahn, B. Daniel Dubberly, Jr.,* for appellants.

*Allen, Edenfield, Brown & Wright, B. Avant Edenfield, Susan E. Warren,* for appellee.