## 56826. WARD et al. v. DEPARTMENT OF HUMAN RESOURCES.

BANKE, Judge.

The appellants, Charles and Glenda Ward, petitioned the superior court for the adoption of a minor child which was in the custody of the Department of Human Resources. The department had been awarded custody of the child on the basis of a juvenile court order finding it to be deprived. The natural parents executed affidavits consenting to the adoption, and these were attached to the petition.

The department intervened in the case and expressed its opposition to the adoption by filing two investigative reports, one from the Spalding County Department of Family & Children Services and one from the Henry County Department of Family & Children Services. Both of these reports concluded that the adoption would not be in the best interests of the child. The reports stated that the child had previously been placed with the appellants for foster care for a period of several months; that during this period there had been frequent contact with the natural parents, with whom the appellants were close; and that the natural parents' consent to the adoption was based upon a promise by the appellants to allow them to visit the child freely. The report further stated that contact with the natural parents following an adoption can be emotionally damaging to a child.

The only evidence heard at the hearing on the petition was the testimony of the appellants. Based on this testimony and on the department's reports, the trial court entered findings of fact, concluded that it would not be in the best interests of the child to allow the adoption, and denied the petition. This appeal followed.

1. The appellants contend that, by virtue of Code Ann. § 74-410 (b) (Ga. L. 1977, pp. 201, 216), the department was required to file a motion to dismiss as a condition precedent to opposing the petition. That Code section provides as follows: "If the report of the Department of Human Resources or the licensed child-placing agency as provided herein, disapproves of the adoption of the child, motion *may* be made by said department or by the licensed child-placing agency to the court to dismiss the petition; and the court after hearing is authorized to do so." (Emphasis supplied.) This language is clearly permissive, not mandatory. This enumeration of error is without merit.

2. The trial court did not err in considering the investigative report prepared by the department, despite its hearsay nature. Indeed, the court was required to do so under the provisions of Code Ann. § 74-412 (a) (1) (Ga. L. 1977, pp. 201, 217). In any event, there was no apparent conflict between any of the facts contained in the report

and the facts testified to by the appellants. Nor did the appellants dispute any of the facts contained in the report or contend that they were denied access to the report.

3. Contrary to the appellants' assertion, it does not appear that the trial court relied solely on the hearsay statements contained in the reports in making its decision. The testimony of the appellants was also considered. "[W]here there is slight evidence indicating the best interest of the child will be served by denying the petition to adopt, the discretion residing in the trial court will not be held to have been abused. [Cit.]" *Grady v. Hill,* 128 Ga. App. 153 (1), 154 (195 SE2d 794) (1973). See also *Clark v. Buttry,* 121 Ga. App. 492 (6) (174 SE2d 356) (1970), affd. 226 Ga. 687 (177 SE2d 89) (1970).

*Judgment affirmed. Deen, C. J., and Smith, J., concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED FEBRUARY 21, 1979.

*Wallace & Moss, Howard P. Wallace,* for appellants.
*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Assistant Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Richard L. Mullins, Special Deputy Assistant Attorney General,* for appellee.