57380. HODGE v. THE STATE.

WEBB, Presiding Judge.

Convicted of the crime of armed robbery of Attaway's Grocery in Wrightsville, William Hodge, Jr. has appealed, contending the trial court erred (1) in failing to grant a new trial, (2) in failing to grant his motion for a mistrial, (3) in allowing into evidence a purported oral admission, (4) in admitting into evidence the alleged confession of a co-conspirator, and (5) in allowing over objection the sheriff to remain in the courtroom throughout the trial although he was not called as the first witness. We find no merit in any of these enumerations of error, and affirm the judgment.

1. The first enumerated error is on the general

grounds. This court reviews the evidence only to determine if it was sufficient to authorize the jury to return the verdict of guilty, and we will not disturb the verdict when there is evidence to support the jury's findings. There was sufficient evidence. *Stone v. State,* 145 Ga. App. 815 (245 SE2d 62) (1978).

2. In the course of cross examination of the accused, the district attorney asked him "and how did he [the sheriff] choke you? Show the jury with your hands how he'd choke you. I bet you'd like to do it on me, wouldn't you? How did he do it?" Upon objection, the court agreed that the district attorney's remarks were improper, and thereupon the district attorney apologized. Counsel thereafter moved for a mistrial, which was denied. Before charging the jury the trial judge instructed the jurors to disregard the remark and to disabuse their minds of any reference to the remark. It is not apparent that irreparable harm was done to the extent the instructions to the jury could not cure it. *Burke v. State,* 108 Ga. App. 661 (1) (134 SE2d 536) (1963).

3. The accused testified that he was beaten and abused by the sheriff and the deputy sheriff, was not informed of his rights, and never made any statement. The deputy sheriff testified that the accused was fully informed of his rights, denied that the accused was struck in any manner, said that the accused had stated that he was lying down on the back seat and stayed hid in Sam's car which was used during the course of the robbery, and that Phillip and Swayze, other participants, went into the store. The deputy further testified that the accused's oral statement as to his part in the robbery was voluntarily and freely given. In his own testimony at the trial the accused admitted receiving from another accused approximately $100, which was one-fourth of the amount taken in the robbery. Factual and credibility determinations made by a trial judge on a hearing as to admissibility must be accepted by appellate courts unless such resolutions are clearly erroneous. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974), citing Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972). Apparently the jury gave no credence to Hodge's contention that he was beaten and that he never made any oral statement or

confession.

4. The admission into evidence of the alleged confession of co-conspirator Samuel Munford was not error. Munford had been called by the defense. The district attorney stated that testimony would be for the sole purpose of impeachment, and contradictory testimony of a deputy sheriff was so admitted by the trial court. Code Ann. § 38-1803. *Jones v. State,* 70 Ga. App. 431 (4) (28 SE2d 373) (1943); *Whiteway Laundry v. Childs,* 126 Ga. App. 617, 619 (4) (191 SE2d 454) (1972).

5. The court did not err in allowing the sheriff to remain in the courtroom throughout the trial although he was not called as the first witness. *Cornett v. State,* 218 Ga. 405, 407 (2) (128 SE2d 317) (1962); *Rooks v. State,* 65 Ga. 330 (1) (1880).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED
MARCH 13, 1979.

*Ralph M. Walke,* for appellant.
*Beverly B. Hayes, District Attorney,* for appellee.