## 59531. SIMMONS v. THE STATE.

BANKE, Judge.

The defendant was convicted of one count of possession of a machine gun in violation of Code Ann. § 26-2906 and one count of possession of a silencer in violation of the Georgia Firearms and Weapons Act (Code Ann. § 26-9912a). He was sentenced to five years' imprisonment and now appeals the denial of his motion for new trial. Although seven alleged errors are enumerated, five of these are directed to the sufficiency of the evidence and will be considered together. *Held:*

1. The defendant contends that constitutional standards of due process placed on the state the burden of proving that he was not entitled to possess the weapons under one of the exemptions listed in Code Ann. § 26-2906 or Code Ann. § 26-9912a. However, Code Ann. §§ 26-2907 and 26-9915a specifically provide that the defendant has the burden of establishing entitlement to these exemptions. The defendant's contention that these statutes are unconstitutional was not advanced in the trial court and therefore may not be considered on appeal. *Andrews v. Mayor &c. of Savannah,* 25 Ga. App. 182 (2) (102 SE 875) (1920); *Wellfort v. Bowick,* 147 Ga. App. 565 (4) (249 SE2d 363) (1978).

2. The defendant does not deny that he purchased the machine gun and silencer but contends that there is nothing to refute his testimony that he acted with the innocent belief that he could register the items and add them to his private gun collection rather than with criminal intent or wrongful purpose. However, the dealer who sold the weapons to the defendant testified as follows: "He [the defendant] wanted to know the type of weapons. How many I could get. And silencers. M-16's. He wanted M-16's. He wanted those with silencers. He wanted grenades. Phosphorus grenades. Silenced .22 rifles. Silenced .22 pistols. He wanted antitank weapons. He wanted antitank bazookas. Light weight antitank weapons. He wanted all the ammunition I could get for antitank rifles and any M-1's as many as I could buy." Asked whether he knew what the defendant intended to do with the weapons, the witness responded, "Yes, sir. Both he and Dwight [a co-defendant] commented on this. They were going to keep some for their own selves. They were having problems with some shipments. Contraband coming out of South America and they had lost six out of ten of their last ship loads and there was some people involved in their organization and they wanted to wipe them out." We hold that this testimony was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that the defendant acted with criminal intent in

making the purchases.

3. It was not error to deny the defendant's motion to quash the indictment because he had not received a commitment hearing. See *State v. Middlebrooks,* 236 Ga. 52, 54 (222 SE2d 343) (1976); *Walker v. City of Atlanta,* 238 Ga. 723, 724 (235 SE2d 28) (1977).

4. Any error committed by the trial judge in initially failing to charge the jury on the exemptions listed in Code Ann. § 26-9914a was cured by his action in calling the jury back from their deliberations to instruct them on this statute as requested.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Submitted March 11, 1980 — Decided March 18, 1980 —
Rehearing denied April 3, 1980 — 

*W. Emory Walters, James D. Hudson,* for appellant.
*H. Lamar Cole, District Attorney, Dwight May, Assistant District Attorney,* for appellee.