## 36344. SIMMONS v. THE STATE.

HILL, Justice.

We granted certiorari in *Simmons v. State,* 154 Ga. App. 234 (267 SE2d 806) (1980), to determine the constitutionality of the burden shifting provisions of certain of our firearms laws, namely Code §§ 26-2906 and 26-2907 of the Criminal Code of 1968 (Ga. L. 1968, pp. 1249, 1324), relating to machine guns, and section 6 of the Firearms and Weapons Act (Ga. L. 1968, pp. 983, 985; Code Ann. § 26-9915a), relating to silencers and other firing devices and weapons. Upon further consideration we find that the burden shifting provisions of those laws are not involved here and affirm.

James Gregg Simmons was indicted for and found guilty of possession of a machine gun in violation of the former law and possession of a silencer in violation of the latter. Contrary to the decision of the Court of Appeals, we find that the constitutional challenge to these laws was raised in the trial court on the defendant's motion for directed verdict. Although the challenge could have been made earlier, it was not too late. A criminal defendant may challenge the constitutionality of the statute *the violation of which he was convicted* for the first time on habeas corpus (*Hammock v. Zant,* 243 Ga. 259 (253 SE2d 727) (1979)), and may challenge the constitutionality of such statute for the first time on appeal. *Barnes*

*v. State,* 244 Ga. 302 (1) (260 SE2d 40) (1979). It follows that even though a criminal defendant may challenge, before trial, the constitutionality of the statute alleged in the indictment by demurrer, motion to quash, or plea in bar, by properly raising the constitutional objection,[1] it is not too late to challenge the statute on which an indictment is based on motion for directed verdict.

Sections 26-2906 and 26-2907 of our Criminal Code provide as follows:

§ 26-2906. "A person commits a felony when he sells, manufactures, purchases, possesses, or carries a machine gun and upon conviction shall be punished by imprisonment for not less than one nor more than five years. A machine gun is any weapon from which more than eight shots or bullets may be discharged by a single function of the firing device. This section shall not apply to or affect the manufacture, for, or the transportation, or sale of machine guns to persons exempted under section 26-2907, provided said machine guns are broken down in a non-functioning state or are not immediately accessible."

§ 26-2907. "Sections 26-2901, 26-2902, 26-2903, and 26-2906 shall not apply to or affect any of the following persons while engaged in pursuit of official duty or when authorized by Federal or State law, regulation or order: (1) peace officers; (2) wardens, superintendents, and keepers of prisons, penitentiaries, jails, or other institutions for the detention of persons accused or convicted of an offense; (3) persons in the military service of the State or of the United States; (4) persons employed in fulfilling defense contracts with the Government of the United States or agencies thereof when possession of the weapon is necessary for manufacture, transport, installation, and testing under the requirements of such contract; and (5) district attorneys, investigators employed by and assigned to a district attorney's office, and assistant district attorneys. A prosecution based upon a violation of sections 26-2901, 26-2902, 26-2903, or 26-2906 *need not negative any exemptions.*" (Emphasis supplied.)

Sections 26-2901, 26-2902 and 26-2903 refer to the crimes of carrying a concealed weapon, deadly weapons at public gatherings, and carrying a pistol without a license.

The Firearms and Weapons Act (Ga. L. 1968, p. 983) refers to sawed-off rifles and shotguns, machine guns, dangerous weapons (e.g., bazookas) and silencers. Section 3 makes knowing possession of such weapons a crime. Section 5 (Code Ann. § 26-9914a) exempts

---

[1]See 5 EGL 531, Constitutional Law, § 183 (1977).

certain law enforcement and peace officers including certain employees of the Board of Corrections, certain military servicemen, certain inoperable weapons, and persons authorized by the National Firearms Act (26 USC 5841-5862).[2] Section 6 (Code Ann. § 26-9915a) provides as follows: "In any complaint, information, accusation or indictment, and in any action or proceeding brought for the enforcement of any provision of this Act, *it shall not be necessary to negative any exception,* excuse, proviso or exemption contained in this Act, *and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant."* (Emphasis supplied.)

It should be noted that the Criminal Code merely provides that the prosecution need not negative any exemption, whereas the Firearms Act contains not only that provision but also prescribes that the burden of proof of exemption shall be on the defendant.

Hence the Criminal Code provision in issue, Code § 26-2907, which merely provides that the prosecution need not negative any exemption is 'burden reducing but is not burden shifting. No contention is made that the Constitution is violated by this burden reduction (i.e., no contention is or could be made that the first two sentences in Code § 26-2906, standing alone, are unconstitutional); the Criminal Code provision shifts no burden to the defendant; and hence the question raised on certiorari as to shifting the burden of proof is not presented by Code §§ 26-2906, 26-2907. Moreover, as will be seen below, the trial court placed no burden of proof on the defendant as to either of the two laws in issue. Therefore, defendant's conviction of possession of a machine gun is affirmed.

As heretofore noted, the Firearms and Weapons Act (Code Ann. § 26-9915a) does provide that ". . . the burden of proof of any exception, excuse, proviso or exemption shall be upon the defendant."[3] This act does not provide whether this burden of proof is one of producing evidence or one of persuasion (and if one of persuasion the degree thereof). In our view, the statutory provision itself is not unconstitutional. Patterson v. New York, 432 U. S. 197 (97 SC 2319, 53 LE2d 281) (1977). See also the discussion of Morrison v. California, 288 U. S. 591 (53 SC 401, 77 LE 970) (1933), in Morrison v. California, 291 U. S. 82, 87-89 (54 SC 281, 78 LE 664) (1934), approved in Patterson, supra, fn. 9. See also United States v. Paulton,

---

[2] It should be noted that the exemptions contained in the two laws are not identical but are substantially similar (compare Code § 26-2907 with Code Ann. § 26-9914a).

[3] The above discussion as to burden reduction would be equally applicable to the provision in Code Ann. § 26-9915a that "it shall not be necessary to negative any exception. . . ."

540 F2d 886, 892 (8th Cir. 1976).

Moreover, in the case before us, in accord with *State v. Moore,* 237 Ga. 269 (1) (227 SE2d 241) (1976), the trial court did not charge that the burden of proof of exemption is upon the defendant. The trial judge charged the presumption of innocence, the state's burden of proof beyond a reasonable doubt as to each element of the crime, and that the state's burden of proof in a criminal case never shifts to the accused to prove his innocence, omitting all reference to the statutory language as to negativing exemptions and the statutory burden of proof upon the defendant. In fact, because there was no evidence as to any exemptions the trial judge did not charge the jury as to exemptions (although the defendant had requested a charge as to the exemptions in the Firearms Act, Code Ann. § 26-9914a) until the jury asked for clarifying instruction as to any exemptions regarding machine guns, at which time the court merely gave in charge the exemptions applicable to machine guns, Code § 26-2907, plus the National Firearms Act exemption from Code Ann. § 26-9914a (d) as to machine guns and silencers. Hence, although the issue of exemptions was raised by defendant's request to charge, no burden shifting or burden reducing charge as to those exemptions was given. It follows that both convictions, as to the possession of a machine gun and silencer, should be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1980 — DECIDED SEPTEMBER 9, 1980 —
REHEARING DENIED SEPTEMBER 23, 1980.

*James D. Hudson,* for appellant.
*Dwight H. May, Richard H. Goolsby, Assistant District Attorneys,* for appellee.