36938. CHANDLER v. COCHRAN et al.

MARSHALL, Justice.

The appellees filed a petition for the adoption of the natural children of the appellant and the appellee wife, the former wife of the appellant. Our jurisdiction is predicated on constitutional attacks on Code Ann. § 74-405 (Ga. L. 1977, pp. 201, 211; 1979, pp. 1182, 1187).

1. Enumerated error 1 is the overruling of the appellant's motion to dismiss on the ground of improper venue, in that the petition was filed in the county in which the adopting parents reside, as provided by Code Ann. § 74-401 (Ga. L. 1977, pp. 201, 202), rather than "in the county where the defendant resides," as provided by Art. VI, Sec. XIV, Par. VI of the Georgia Constitution (Code Ann. § 2-4306) and Code § 3-201. Code Ann. § 74-401, supra, is not in conflict with the above provisions of the Constitution and the Code, however, in that the natural parent (appellant here) is not a party defendant to the statutory adoption proceeding.

"Where the proceeding involves *only* the termination of parental rights, the parents have the constitutional right to defend such a suit in the county in which they reside. Code Ann. § 2-4306, supra." (Emphasis supplied.) *Quire v. Clayton County Dept. of Family &c. Services,* 242 Ga. 85 (249 SE2d 538) (1978). Adoption proceedings, however, do not involve *only* the termination of parental

rights. Where Code Ann. § 74-405, supra, (b), is applicable, as it is here, "the parental rights need not be surrendered or terminated prior to the filing of the petition but petitioner(s) shall allege facts demonstrating the applicability of Code section 74-405 and allege compliance with the provisions of Code section 74-405 (c) [service or notice of the adoption proceeding]." These provisions adequately protect the appellant's right to contest (although not in the county of his residence) the allegation of his forfeiture of his parental rights. This enumerated error is without merit.

2. Enumerated error 2 is the overruling of the appellant's motion for continuance until such time as the investigation and report were made by the Department of Human Resources, as provided by Code Ann. §§ 74-409 (a), 74-410 (Ga. L. 1977, pp. 201, 215, 216). At the time the motion was made, the trial judge did not know whether such a report had been made, having taken the case over from another judge, but he indicated that he would check to see if one had been filed. As far as the record shows, no investigation or report was ever made.

Section 74-409 (a) provides that it is the *duty* of the department in adoption proceedings to "verify the allegations in the petition," make "a complete and thorough investigation of the entire matter, and to report its findings and recommendations in writing to the court . . ." It is further provided that, if the department is unable to make or arrange for such report, it shall so notify the court, which "may take such other steps as in its discretion are necessary to have the entire matter investigated."

We have found no case holding that it is reversible error not to have such a report made if the department can do so (which, as far as the record shows, it could do here). It is true that Code Ann. § 74-412 (a) (1) (Ga. L. 1977, pp. 201, 217) provides that the court at the hearing of the petition for adoption "*shall* give consideration to the investigation report . . . and the recommendations therein contained." (Emphasis supplied.) The cases hold that it is mandatory to consider the report; however, they all involved situations in which a report had been made. *Ward v. Dept. of Human Resources,* 149 Ga. App. 99 (2) (253 SE2d 463) (1979); *Wellfort v. Bowick,* 147 Ga. App. 565 (3) (249 SE2d 363) (1978).

As we have noted above, § 74-409 (a) gives the trial judge discretion to take other steps deemed necessary to have the entire matter investigated when a report is unavailable. What steps this may include we do not here decide. The issue is whether the steps taken here were sufficient. A hearing was conducted, at which there was testimony by both of the adoptive parents, the natural father, and the latter's mother, sister and niece. While most, if not all, of the

testimony was self-serving or biased, and while it is much better to comply with the statutory provisions for an investigation and report by the department, a review of the transcript reveals that sufficient circumstances as to the proposed adoption were developed on which to base the judgment. "It has been said that the judge hearing an adoption case has a wide discretion which will not be overturned unless it has been abused . . ." *Owens v. Griggs,* 151 Ga. App. 730 (2) (261 SE2d 463) (1979) and cits. We find no abuse of discretion in the present case, in which the judge had evidence that the father is imprisoned, unemployed, with no significant income, and had failed to support his children for a year before the adoption proceedings, whereas the adoptive parents were the children's mother and her husband, an employed minister, who provided a stable and healthful home environment, according to all of the evidence adduced.

Since we do not approve the failure to obtain the required report, we find the error under the facts of this case to be harmless.

3. Enumerated errors 3 and 4 complain of the denial of the opportunity to collaterally attack the appellee mother's decree of divorce from the plaintiff on the ground that it was entered by default less than 30 days after service of the petition for divorce on the appellant. However, the record reveals that, although one such decree was prematurely entered, another decree was timely entered thereafter, which reaffirmed the earlier, premature decree. (See Division 9, hereinafter.) These enumerations of error are without merit.

4. There was no impermissible substitution of a different cause of action or claim by the amendment substituting the present Code Ann. § 74-405, supra, for the equivalent § 74-403 (2) (Ga. L. 1941, pp. 300, 301; as amended, 1967, pp. 107, 108), which was alleged in the petition and was repealed by Ga. L. 1977, p. 201, which reenacted the Code chapter on adoption. The trial judge correctly identified the law in effect at the time the petition was filed, and based his findings of fact and orders on the correct, existing law. Enumerated error 5 is without merit.

5. Enumerated error 6 contends that § 74-405, supra, is impermissibly and unconstitutionally vague, in that it gives the appellant no direction, standard or base as to what is to fail "significantly" in giving support or as to what constitutes "justifiable cause" in that regard. In his brief, the appellant refers to subsection (a) of § 74-405, and quotes the following, purportedly from that provision: " . . . in the case of a parent who failed significantly without justifiable cause . . ." Reference to present § 74-405 (a) reveals no such language.

Section 74-405 (b) provides as follows: "Surrender or termi-

nation of parental rights as provided in Code section 74-403 shall not be required as a prerequisite to the filing of a petition for adoption pursuant to subsections (a) (3) or (a) (4) of Code section 74-403 in the case of a parent who has *failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption* (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interest of the child." (Emphasis supplied.) Assuming that this is the statutory provision the appellant seeks to attack, it is clear, contrary to his contention below, that the statute does specify the period of time, i.e., "one year or longer immediately prior to the filing of the petition for adoption." The alleged words, "without justifiable cause," do not appear in the statute.

As for the phrase "failed significantly," this admittedly allows a degree of latitude for the trial judge's discretion, but we believe that such discretion is necessary and desirable in adoption proceedings, and was intended by the legislature to be applied to the particular facts in each individual case. From the evidence, it is clear that the appellant came within the purview of this provision, by having furnished little or no child support within the one-year period. Of course, if the appellant has reference to a Code section which has been repealed, its constitutionality is no longer relevant. This enumeration of error is without merit.

6. Enumerated error 7 contends that § 74-405, supra, (a) [(b)?] denies the appellant due process and equal protection of law by discriminating against incarcerated persons. The appellant pleaded guilty to two counts of aggravated sodomy and was sentenced to 10 years' imprisonment. It is well settled that no person can object to the natural consequences of his own act voluntarily performed. It would emasculate our child-support laws to relieve parents of their natural and statutory child-support obligations because they have voluntarily committed offenses resulting in their imprisonment and possible inability to earn funds with which to support their children. This enumeration of error is without merit.

7. Enumerated error 8 attacks the sufficiency of service of the petition on the appellant. Code Ann. § 74-405, supra, (c), provides: "Whenever it is alleged by the petitioner(s) that surrender or termination of parental rights is not a prerequisite to the filing of a petition for adoption in accordance with provisions of subsection (a) or (b) above, the parent(s) shall be personally served with a confirmed copy of the adoption petition together with a copy of the court's order thereon specified in Code section 74-408 or, if personal

service can not be perfected, by registered or certified mail, return receipt requested, at his last known address. If service cannot be made by either of these methods, the parent(s) shall be given notice by publication once a week for three weeks in the official organ of the county where the petition has been filed."

The record shows that the appellant was served by certified mail at his last known address as alleged in the petition, and that "the return receipt was returned to this [clerk of superior court's] office." The record shows that the appellant's mother actually received the adoption petition and forwarded it by mail to the appellant, who was in prison. This was a compliance with the requirements of § 74-405 (c), supra. If it is contended that the appellant was imprisoned at the time of service, and that service was acknowledged by one other than himself, the transcript shows that the appellant was living in several locations prior to his imprisonment — the one at which service by certified mail was effected, and also at his mother's residence — and that inquiries to his family as to his residence were met with evasion. Furthermore, the record shows that the appellant had actual notice of the proceedings and has been represented in person and by counsel at the hearing and other proceedings below. This enumerated error is without merit.

8. Enumerated errors 9 through 17, inclusively, complain of the exclusion from evidence of various exhibits. These include copies of a bank's liability ledger; photographs of the appellant and his children; newspaper articles about the appellant's military and police careers; a letter of commendation from his superior in the police department; a letter from a professor at a college concerning the appellant's record in courses taken under him; notices showing the appellant's performance in his duties in the law library at the state prison; and correspondence between the appellant and his niece.

Although the rules as to the admission of evidence are less strict in bench trials such as this one (*King Sales Co. v. McKey,* 105 Ga. App. 787 (2) (125 SE2d 684) (1962)), "this court will not interfere with his finding when there is any evidence to support it." *McKusick v. Coleman,* 239 Ga. 787, 788 (239 SE2d 12) (1977) and cits. A review of these excluded exhibits reveals that they are subject to a variety of objections, such as that they pertain to a time frame prior to the period under consideration; are hearsay; are unsworn; are self-serving; and are of no probative value. The trial judge conducted a full and complete hearing, at which evidence was adduced which supported his judgment. These enumerations of error are without merit.

9. Enumerated error 18 contends that finding of fact No. 2 of the final order of adoption erroneously found that a final divorce decree

dated March 10, 1977, had been introduced in evidence, whereas the only decree introduced in evidence was Exhibit "B" to the petition for adoption, a divorce decree *dated* February 15, 1977, and not apparently marked as having been filed. However, at the appellees' request, the trial judge entered an order certifying that the February 15, 1977, decree had been inadvertently made a part of the record of the case rather than the March 10, 1977, decree. It was further ordered that the March 10 decree be admitted to record and made a part of the original proceedings in the case, and that a copy of said decree be forwarded to this court, which was done. This enumeration of error is without merit.

10. Enumerated error 19 complains that the trial judge's finding of fact failed to include all of the contributions the evidence showed the appellant had made to his children during the 12-month period prior to the adoption proceeding. The judge's finding listed the key items which might be considered in determining whether the failure to support was "significant," with many of the items contended to have been excluded being categorized under the general term "gifts." This enumeration is without merit.

11. Enumerated errors 20 and 21 complain of findings of fact which are contended to not take into consideration all of the amounts that the appellant paid for child support out of his income from wages and unemployment compensation. The order as a whole does consider such items, and indicates that expenditures other than for child support were given priority by the appellant. These enumerations are without merit.

12. Enumerated error 22 complains that finding of fact No. 7 — by noting that the appellant remained incarcerated at the time of the hearing — considered evidence of the appellant's "moral unfitness," allegedly in violation of our holding in *Johnson v. Eidson,* 235 Ga. 820 (221 SE2d 813) (1976). However, the appellant himself introduced his incarceration as an excuse for not supporting his children.

Furthermore, even if *Johnson,* supra, is still applicable after the 1977 and subsequent amendments to the adoption statutes, we do not construe it as prohibiting any consideration of the moral fitness of the parent, but merely as holding that moral unfitness could not be used as *grounds for abandonment.* It was not used as grounds for abandonment in the present case, wherein the ground was failure significantly "to provide for the care and support" of the children, etc. It is difficult to imagine how the trial judge, *after* having made one or more of the determinations of Code Ann. § 74-405, supra, (a) or (b), could avoid a consideration of the natural parent's moral fitness in complying with the statutory mandate that he be "of the opinion that the adoption is for the best interest of the child." This

enumeration is without merit.

13. Enumerated error 23 attacks the finding of fact that no "substantial" amount of the proceeds of the appellant's sale of his house was used for child support. The order indicates which items of child support were paid, and illustrates that these amounts were not "significant." This enumeration has no merit.

14. Enumerated error 24 contends that the court erroneously based its finding, that the appellees "are financially able and morally fit to have the care, supervision, training, and education of said children," upon the sole, uncorroborated testimony of the appellees, without the required investigation and report by the Department of Human Resources. This contention has been answered in Division 2, supra.

15. Finally, enumerated error 25 challenges the finding that the appellant had failed to provide "care," contending that he had done this to the extent of his ability under the limitations of his circumstances of divorce, indebtedness, unemployment, overwork, stress, incarceration, and denial by appellees of his rights of visitation and custody. Even if it could be found that he had provided "significantly" for the "care" (as opposed to merely financial support) of his children under his circumstances, the statute lists "care" and "support" conjunctively. There was testimony that his rights of visitation and custody were curtailed (by allowing visitation only at the appellees' home) only after he had taken the children out of the state several times, telephoning back to say that he was taking them out of the country and that the appellees would never see them again, causing an understandable upset in the appellees' family. This enumeration is without merit.

The remaining nine enumerated errors have been disposed of hereinabove.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., Hill, P. J., and Undercofler, J., who dissent from Division 2 and the judgment.*

DECIDED FEBRUARY 3, 1981 —
REHEARING DENIED FEBRUARY 24, 1981.

Joseph Marion Chandler, Sr., *pro se.*
*Ralph Goldberg,* amicus curiae.
*Leonard H. Conger,* for appellees.

UNDERCOFLER, Justice, dissenting.

In *Nelson v. Taylor,* 244 Ga. 657 (261 SE2d 397) (1979), (Nichols, C. J., and Marshall, J., dissenting), we held that "adoption statutes

should be strictly construed and meticulously followed so that beyond all peradventure the adoption will not later be subject to attack." There, the adoption decree was set aside merely for lack of a written acknowledgment. Here, the majority holds that the failure to have the Department of Human Resources perform an investigation *required* by the adoption statute, Code Ann. § 74-409, is harmless error. The imprisoned father in this case is entitled to a full investigation for his protection and that of his children. I dissent.

I am authorized to state that Chief Justice Jordan and Presiding Justice Hill concur in this dissent.