## 61456. WARREN v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery. He appeals (1) on the general grounds, and also contends the trial court erred (2) by refusing to admit evidence of prior misidentifications of appellant; and (3) by permitting the prosecuting attorney to impeach his own witness.

1. With regard to the general grounds, a Tenneco store in Macon was robbed at gunpoint the night of March 17, 1980. The two employees on duty both picked appellant out of a lineup held approximately one week after the robbery. Both employees also positively identified appellant at trial in open court. A third witness who had just left the store thought a robbery was occurring and obtained the license number of the car appellant entered after the robbery. Appellant acknowledged that he had gone to the Tenneco store, but denied robbing it; he testified that he bought some cigars and left. Appellant's wife testified that appellant arrived home about 15 minutes before the robbery occurred; after eating and taking a bath, he went to bed.

The weight of the evidence and credibility of witnesses are questions for the triers of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). We find the evidence more than sufficient to sustain the conviction. We also find that a rational trier of fact could have found from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant contends it was error to exclude testimony that appellant was stopped by police in 1976 and again in 1979. In the first instance he fit the general description of a robber; in the second instance, he was driving a truck matching the description of a

"getaway" truck. On both occasions, police ascertained appellant was not the person sought, and released him. Appellant contends this evidence of "misidentification" was relevant to show a possible misidentification in the instant case. We do not agree.

On the occasions in 1976 and 1979, appellant fit the general description of a robber and his truck was similar to one the police were trying to find. There was no "misidentification"; appellant was stopped as a possible suspect, and when police ascertained he was not the person they were looking for, he was released. In the instant case, there was no question of misidentification; both persons present when the store was robbed identified appellant positively at a lineup and at trial as the person who committed the robbery. In *Salisbury v. State,* 223 Ga. 414 (2) (156 SE2d 48) (1967), our Supreme Court held the trial court did not err in excluding testimony of a witness that eyewitnesses had made mistakes regarding identification of perpetrators of separate and independent crimes having no relation to the crime charged against the accused. Accordingly, this enumeration of error is without merit.

3. Finally, appellant contends the trial court erred by allowing the prosecuting attorney to impeach his own witness. On direct examination, a state witness testified that when appellant went in the Tenneco store he had a cane or a stick. On cross-examination, the witness testified appellant did not have a cane when he entered the store. Prior to re-direct examination the prosecuting attorney pleaded entrapment and stated he was surprised by the witness' testimony on cross-examination, as it was contrary to statements made to the prosecuting attorney in his office a week earlier, and was contrary to the statement given by the witness to the Macon police. The prosecuting attorney stated that at all previous times the witness stated appellant had a cane, and was now stating appellant had a crutch, not a cane. The court granted the prosecuting attorney's request, and the defense counsel made no objection. It is well-settled that this court will not consider questions raised for the first time on appeal. *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371) (1975). Even had the defendant objected, the trial court would be correct in allowing the prosecuting attorney to impeach his own witness. "A statement by the district attorney that he has been surprised by the testimony is sufficient, in the absence of a showing to the contrary, to show entrapment." *Thomas v. State,* 239 Ga. 734, 736 (3) (238 SE2d 888) (1977).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 14, 1981.

*Walter J. Lane, Jr.,* for appellant.
*Graham A. Thorpe, Assistant District Attorney,* for appellee.