### 63352. COBB v. THE STATE.

POPE, Judge.

Willie B. Cobb, Jr. was convicted of theft by taking more than $200.00 from Church's Fried Chicken, Inc. He brings this appeal following the denial of his motion for new trial and enumerates as error the general grounds, the denial of his motion for mistrial, the charge to the jury on flight and the amount of restitution he has been ordered to pay. *Held:*

1. The evidence presented by the state showed that appellant was the manager of Church's Fried Chicken store No. 732 located on Powder Springs Road in Cobb County. During his tenure as manager, certain irregularities were discovered, via an internal audit, in the store's weekly sales reports and bank deposits during the months of November and December, 1978. The weekly sales reports contain a section for recording the daily bank deposits entitled the bank deposit register. Information recorded in the bank deposit register includes the amount of deposit, the date of deposit and the person who made the deposit. Attached to these weekly reports are deposit receipts verifying the amount deposited into the bank. Appellant had prepared and signed all of the subject weekly sales reports and deposit receipts.

Church's bank deposits are made by utilizing deposit tickets consisting of an original and several copies separated by carbon paper. At the bank these deposit tickets are validated by machine with a "transaction number" which is imprinted on the original and

all copies. The "transaction number" consists of a teller identification number, the machine's transaction number, the date of the transaction and the amount of the deposit. Although a depositor is given as many copies as he wants of the deposit transaction, these receipts constitute only one transaction. As a general rule each deposit receipt attached to a weekly sales report has a different transaction number.

The evidence at trial identified eighteen deposit receipts which had been attached as a part of certain weekly sales reports as validation for eighteen separate bank deposits. However, only nine different transaction numbers appeared on these eighteen receipts; i.e., the purported eighteen separate deposit receipts were in fact only nine pairs of receipts. The only difference between the pairs of receipts was the handwritten date at the top of each receipt. These eighteen deposit receipts represented only nine actual bank deposits and reflected a loss to Church's on paper of $2,519.00.

After appellant was confronted with the foregoing evidence on January 5, 1979, he voluntarily composed the following explanation:

"I Willie Cobb Jr.

"Had used some of Church money for my on. I had a short of $415.00 so I had to take other bank deposits to cover up my short.

"And I was behind in my child support an I used some bank deposits to pay but I was paying it back every Monday when I rec my check. I was hoping to have it pay back before this came up.

"I am willing to pay back what money I used. $2,800.00 is what I used for my personal use, so I am willing to pay it back."

Appellant testified in his own behalf and admitted making the bogus deposit receipts. He claimed that his purpose in this activity (known as "floating deposits") was to cover an unexplained loss of three deposits from the store in the amount of $1,200.00. The remainder of appellant's testimony was generally in conflict with and in contradiction to that presented by the state.

Although the evidence in this case was in dispute, after reviewing the evidence presented to the jury in a light most favorable to the state, we find that any rational trier of fact could have found appellant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "For the same reason, it was not error for the trial court to deny the [motion] for directed verdict at the conclusion of the state's case . . . Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal." *Vilicic v. State,* 152 Ga. App. 207, 208 (262 SE2d 502) (1979); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975). Appellant's Enumerations Nos. 1, 2 and 5 are

therefore without merit.

2. Appellant contends in his third enumeration that the trial court erred in denying his motion for mistrial. During cross examination the state asked appellant what efforts he had made to obtain certain records which appellant had earlier claimed could "prove" to the jury his contentions regarding the missing money. This question was objected to as being impermissibly burden-shifting, and appellant moved for a mistrial. The trial court denied the motion for mistrial and stated, "The burden is never on the defendant to put up any evidence." The trial court then sustained appellant's objection to the question. "It is not apparent that irreparable harm was done to the extent the instructions to the jury could not cure it." *Hodge v. State,* 149 Ga. App. 326 (2) (254 SE2d 478) (1979); *Hess v. State,* 145 Ga. App. 685 (3) (244 SE2d 587) (1978); see also *Redd v. State,* 141 Ga. App. 888 (6) (234 SE2d 812) (1977). Accordingly, the trial court did not abuse its discretion in denying appellant's motion for mistrial.

3. Appellant's fourth enumeration cites as error the trial court's charge on flight. There was evidence which showed that appellant, after having been confronted with the irregularities in the weekly sales reports, left the store and walked "extremely quickly" toward his automobile in the parking lot. "[This fact] created an issue for the jury as to whether appellant's [attempted] departure from the [store] was justified, or whether it was evidence tending to show his guilt. The jury was properly charged on the issue of flight." *Johnson v. State,* 244 Ga. 295 (1) (260 SE2d 23) (1979).

4. In his final enumeration of error appellant contends that he was improperly ordered to pay $2,519.00 as restitution, such amount not having been adjudicated as mandated by Code Ann. § 27-2711 (7). This enumeration is not meritorious. "Since appellant failed to dispute or contest the amount of restitution ordered by the trial court, restitution was properly imposed without an adjudication." *Wilson v. State,* 151 Ga. App. 501, 505 (260 SE2d 527) (1979); see *Biddy v. State,* 138 Ga. App. 4 (4) (225 SE2d 448) (1976).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1982.

*Melodie H. Clayton, Wallace C. Clayton,* for appellant.
*Thomas J. Charron, District Attorney, Mary Staley, Assistant District Attorney,* for appellee.