## 65431. LEE et al. v. THE STATE.

BIRDSONG, Judge.

Vandalism. The evidence in this case shows that three high school seniors Christopher Lee, Benjamin Spears, and Drew Swenson unlawfully forced open the doors of a building in a sewage disposal plant owned and operated by Fulton County. Once inside the three young men using a metal bar vandalized parts of the interior of the building. The appellants admitted damaging an overhead heater, a water cooler, and an electrical panel. After they left, water from broken pipes ran down three floors into a basement area occupied by powerful electrical pumps resulting in total damage to the contents of the building in excess of $34,600.

Each of the three (appealed only by Lee and Spears) entered a plea of guilty to the vandalism but asserted that there were probably others who contributed to the overall damage. The trial court sentenced each defendant to five years (probated), a $1,000 fine and restitution in the amount of $11,553.66 (one-third of the damages). Appellants do not contest the validity of their pleas of guilty but enumerate error in the assessment of restitution in an amount of one-third of the damages where both contended that others were also involved and caused most of the damages. Both Lee and Spears enumerate the same four alleged errors. *Held:*

1. Appellants contend that Code Ann. § 27-2711 is unconstitutional in that the statute does not indicate how restitution should be adjudicated. Related to this enumeration is that the trial court did not formally reach an adjudication as to restitution inasmuch as the statute does not specify the form or content of adjudication.

As to unconstitutionality, we need not reach that issue, nor, if the issue were properly before this court, would we have jurisdiction to address it. At no point during the rather extensive hearing on the guilty plea did the appellants ever raise the question of constitutionality of Code Ann. § 27-2711. The constitutionality of a statute cannot be raised for the first time on appeal. *Corley v. State,* 154 Ga. App. 301 (2) (268 SE2d 76); *Simmons v. State,* 154 Ga. App. 234 (1) (267 SE2d 806). Moreover, other than a general contention

that the statute does not specify the manner for adjudicating the amount of restitution, there is no delineation of what provision of the constitution is violated by the statute. Such specification is necessary to raise an issue. *Wallin v. State,* 248 Ga. 29, 30 (1) (279 SE2d 687).

As to the second facet of appellants' argument, we observe that the trial court held a two-day hearing, taking extensive evidence from the civil engineer familiar with the facility and testimony from each of the appellants and other witnesses. There was extensive evidence as to the nature of the property damage fully documented by pictures and estimates. This was uncontested except for certain speculation as to who might have been responsible for the damage other than that to which the appellants expressly admitted. It is apparent therefore that the trial court had competent evidence as to the damage, the amount of that damage, and the complicity of the three appellants in the causing of that damage. There can be no question that the trial court had authority to assess restitution and that the amount of restitution was divided among the three known malefactors. Though there was hearsay evidence that another young man admitted going in the building, even this hearsay admission amounted only to a statement that he admitted to a friend that he might have caused some of the electrical damage because when he entered the building, he switched on and off some power, and when the power would not come back on, he left. There was other evidence that no one else was known to have been in the building nor to have caused any damage. Under such evidence we cannot conclude that the trial court did not formally reach an adjudication of restitution nor that such restitution has no sufficient predicate in the evidence.

2. In their last two enumerations of error, appellants contest the sufficiency of the evidence to sustain the amount of restitution. However, appellants base their contention that others were involved on mere speculation, for there is no competent evidence of record that anyone else performed destructive acts inside the building. The trial court had the authority to believe the appellants were not solely involved or that they were being untruthful in their limited admissions of damage. The credibility of witnesses is a matter of resolution by the trier of fact, in this case the trial court. *Warren v. State,* 158 Ga. App. 533 (1) (281 SE2d 291). We must conclude on the basis of the evidence developed that the trial court was warranted fully in its conclusion that the appellants alone caused the $34,600 in damages and we are satisfied that any reasonable trier of fact could have found so beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). Factual determinations made by a trial court must be accepted unless clearly erroneous. *McElroy v. State,* 247 Ga. 355, 358 (2) (276 SE2d 38); *Hodge v. State,* 149 Ga. App. 326,

327 (3) (254 SE2d 478). We do not find the findings and conclusions of the trial court to be clearly erroneous.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 12, 1983 —
REHEARING DENIED MAY 2, 1983.

*John A. Nuckolls,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry Baxter, Assistant District Attorneys,* for appellee.