443 So.2d 1083 (1984)
In the Interest of E.H., a Minor, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 82-1900.
District Court of Appeal of Florida, Third District.
January 24, 1984.
Sullivan, Admire & Sullivan, Coral Gables, and John G. Admire, Miami, for appellant.
Jim Smith, Atty. Gen., and Bruce Barkett, Asst. Atty. Gen., for appellee.
Before HENDRY and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a final order adjudicating a child dependent and awarding temporary custody of the child to the Florida Department of Health and Rehabilitative Services. The natural mother prosecutes this appeal raising three alleged errors. We affirm.
*1084 First, the natural mother contends that Section 39.01(26), Florida Statutes (1981), under which her child was adjudicated dependent, is unconstitutional because it provides a facially vague standard as a basis for removing a child from a parent's custody. We cannot agree. The above statute provides, in pertinent part, that a child is considered neglected "when a parent ... permits a child to live in an environment when such... environment causes the child's ... mental or emotional health ... to be in danger of being significantly impaired." § 39.01(26), Fla. Stat. (1981). We think that, under the established Florida case law interpreting analogous statutes, the instant statute meets the minimal constitutional tests for definiteness in a non-penal statute. As the statute is clearly designed to protect children in need of care, and because circumstances warranting such protection arise in such a variety of ways, the legislature was not required, as urged, to state explicitly all activities or actions by parents which could result in a finding of child neglect. The statute, we think, gives sufficient notice to parents of the type of activity they must avoid to preclude such a finding. State v. Joyce, 361 So.2d 406 (Fla. 1978); In Re Camm, 294 So.2d 318 (Fla.), cert. denied, 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974); see also D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977).
Second, the natural mother contends that certain testimony given at the hearing below by a psychiatrist concerning the latter's examination of the natural mother was erroneously admitted in evidence over objection. We cannot agree. Plainly, the testimony was not excludable as falling within the psychotherapist-patient privilege [§ 90.503, Fla. Stat. (1981)] because such privilege is by statute specifically abrogated in cases, as here, "involving known or suspected child abuse or neglect." § 827.07(8), Fla. Stat. (1981). Contrary to the natural mother's contention, we think this statute by its express language applies to Chapter 39 child neglect proceedings, as the statute is made applicable to "any judicial proceeding relating to child abuse or neglect." § 827.07(8), Fla. Stat. (1981). Beyond that, we are unable to say, as urged, that the psychiatric examination conducted herein violated the natural mother's self-incrimination rights under Fla.R.Juv.P. 8.190(f), 8.220(c). These rules apply only to testimony given by a parent or guardian at certain court hearings, not to answers given by a parent or guardian during a psychiatric examination.
Finally, the natural mother contends that the evidence presented below was insufficient to sustain a finding of child neglect. We cannot agree. Without detailing the evidence presented, we think it more than sufficient to sustain the order under review. Interest of J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982).
Affirmed.